KELLY MACKE, APPELLEE, V.
EDDIE PIERCE, APPELLANT.
643 N.W.2d 673

Filed May 17, 2002.   No. S-01-207.

William R. Settles, of Lamson, Dugan & Murray, L.L.P., for appellant.

Maren Lynn Chaloupka, of Chaloupka, Holyoke, Hofmeister, Snyder & Chaloupka, for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Kelly Macke sued Dr. Eddie Pierce, alleging that Pierce tortiously interfered with a business expectancy when Pierce informed Macke's prospective employer, Burlington Northern Railroad Company, of findings Pierce made during a physical examination of Macke. After a jury verdict in favor of Pierce, Macke filed a motion for new trial, which was sustained by the district court. Pierce appealed. Because Macke's motion for new trial was premature, we dismiss this appeal for lack of jurisdiction.

## PROCEDURAL BACKGROUND

### DISTRICT COURT PROCEEDINGS

Macke filed the petition in the instant case on February 25, 1999, alleging that Pierce tortiously interfered with a business expectancy, because Pierce's communication with Burlington Northern Railroad Company resulted in the disapproval of Macke's application for employment. The matter proceeded to jury trial, and the jury returned a verdict in favor of Pierce. Macke filed a motion for new trial, which the district court granted on the basis that the evidence was insufficient to sustain the verdict.

Both the bill of exceptions and the district court docket sheet, present in the transcript, show that the jury reached a verdict in favor of Pierce on August 9, 2000. The district court accepted the verdict and entered a "finding" for Pierce in open court on that date, as reflected in the bill of exceptions and on the court's docket sheet. The docket sheet is not file stamped, and no file-stamped judgment of dismissal, pursuant to the jury verdict, appears in the record.

On August 11, 2000, Macke filed a motion for new trial. The matter came on for hearing on September 26, and on January 26, 2001, the district court sustained the motion for new trial. Pierce filed a notice of appeal on February 16.

### APPELLATE COURT PROCEEDINGS

On March 16, 2001, before this appeal was moved to our docket, the Nebraska Court of Appeals issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction, based on the absence from the record of a file-stamped judgment of dismissal pursuant to the jury verdict. In response, Pierce filed a praecipe for a supplemental transcript. On March 28, Pierce also filed a written response to the show cause order, in which he stated that he had contacted the clerk of the district court and had been informed that no district court order entering judgment on the jury's verdict existed. The supplemental transcript was filed on March 29; the filings contained in the supplemental transcript, however, all relate to Macke's motion for new trial.

On June 14, 2001, the Court of Appeals determined that cause had been shown and ordered that the case proceed. On August 29, we moved the case to our docket by granting Macke's petition to bypass the Court of Appeals.

### ASSIGNMENTS OF ERROR

As relevant to the jurisdictional issue that is the basis of our disposition of this appeal, Pierce assigns that the district court erred in sustaining Macke's motion for new trial.

### STANDARD OF REVIEW

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Douglas Cty. Bd. of Comrs. v. Civil Serv. Comm., ante* p. 544, 641 N.W.2d 55 (2002).

### ANALYSIS

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Waite v. City of Omaha, ante* p. 589, 641 N.W.2d 351 (2002). Notwithstanding whether the

parties raise the issue of jurisdiction, an appellate court has a duty to raise and determine the issue of jurisdiction sua sponte. *Id.* The questions presented by the record in this case are whether a judgment was entered in the manner provided by statute prior to the filing of Macke's motion for new trial, and thus whether Macke's motion for new trial was filed prematurely.

Entry of a judgment "occurs when the clerk of the court places the file stamp and date upon the judgment, decree, or final order." Neb. Rev. Stat. § 25-1301(3) (Cum. Supp. 2000). Although the district court's order sustaining Macke's motion for new trial was properly entered pursuant to § 25-1301, the transcript does not contain an entry of judgment on the jury verdict prior to the filing of Macke's motion for new trial.

The order to show cause entered by the Court of Appeals, as relevant, stated the following:

> The contents of the transcript causes the Court concern as to whether it has jurisdiction by reason of the failure of the judge to render a judgment of dismissal pursuant to the jury's verdict in accordance with Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2000). Because an order of dismissal was not entered, it appears that the motion for new trial which was purportedly granted by the court was prematurely filed under Neb. Rev. Stat. § 25-1144.01 [Cum. Supp. 2000], thus making the granting of that motion premature.

In Pierce's response to the order to show cause, Pierce conceded that no judgment of dismissal, pursuant to the jury's verdict, was present in the district court file. The supplemental transcript filed pursuant to Pierce's praecipe bears out this concession, as it contains only filings relating to Macke's motion for new trial. In short, the record, even after the filing of the supplemental transcript, contains no entry of judgment pursuant to the jury verdict, and Pierce concedes that none exists.

Pierce argued, however, that an application for new trial, pursuant to Neb. Rev. Stat. § 25-1143 (Reissue 1995), need only be filed "within ten days, either within or without the term, after the verdict, report or decision was rendered." Pierce contended that pursuant to § 25-1143, an entry of judgment was not necessary in order for a motion for new trial to be filed. Since Macke's motion for new trial was filed within 10 days after the

verdict, Pierce argued that the motion was timely and that appellate jurisdiction had been conferred. But see *Wicker v. Vogel,* 246 Neb. 601, 521 N.W.2d 907 (1994).

However, 2000 Neb. Laws, L.B. 921, repealed § 25-1143 and replaced it with Neb. Rev. Stat. § 25-1144.01 (Cum. Supp. 2000), which provides that "[a] motion for a new trial shall be filed no later than ten days after the *entry of the judgment.*" (Emphasis supplied.) The effective date of § 25-1144.01 and the repeal of § 25-1143 was July 13, 2000—27 days before the jury's verdict in this case. It is § 25-1144.01, and not the repealed § 25-1143, that is controlling in the instant case.

■ A motion for new trial pursuant to § 25-1144.01 must be filed within 10 days after an entry of judgment, as defined in § 25-1301, and the record reflects that such an entry of judgment has not occurred. Because the jury's verdict, standing alone (i.e., in the absence of a file-stamped order entered pursuant to the verdict), did not constitute a final judgment, Macke's premature motion for new trial filed on August 11, 2000, was a nullity, as was the district court's ruling on the motion for new trial. See *Wicker v. Vogel, supra* (motion for new trial directed to nonfinal order is nullity, as is any ruling on such motion).

■ For an appellate court to acquire jurisdiction of an appeal, there must be a valid final order entered by the court from which the appeal is taken. See *Keef v. State,* 262 Neb. 622, 634 N.W.2d 751 (2001). While generally a district court's order ruling on a party's motion for new trial constitutes a final order, a district court's ruling on a motion for new trial is not a valid final order where, as here, both the premature motion and the ruling thereon are nullities. In the absence of a judgment or a valid order finally disposing of a case, an appellate court is without jurisdiction to act and must dismiss the purported appeal. See *Waite v. City of Omaha, ante* p. 589, 641 N.W.2d 351 (2002).

## CONCLUSION

Because the district court order granting Macke a new trial was a nullity, we vacate the January 26, 2001, order of the court, dismiss this appeal, and remand the cause to the district court for entry of judgment pursuant to the jury verdict. At that time, Macke can file a timely motion for new trial, and the district

court's disposition of that motion may form the basis for an appropriately perfected appeal. We also note that after remand and subsequent perfection of an appeal, either party may file, pursuant to Neb. Ct. R. of Prac. 11B(3) (rev. 2000), a motion with the appellate court, and showing in support of said motion, requesting that the case be advanced for argument.

ORDER VACATED, APPEAL DISMISSED, AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.

WRIGHT and STEPHAN, JJ., not participating.