MELVIN R. CERNY ET AL., APPELLANTS, V.
MICHAEL LONGLEY, M.D., ET AL., APPELLEES.
661 N.W.2d 696

Filed May 30, 2003.   No. S-02-633.

James D. Sherrets and Theodore R. Boecker, Jr., of Sherrets & Boecker, L.L.C., for appellants.

Mark E. Novotny and William M. Lamson, of Lamson, Dugan & Murray, L.L.P., for appellee Immanuel Medical Center, doing business as Alegent Health Immanuel Medical Center.

P. Shawn McCann, of Sodoro, Daly & Sodoro, and, on brief, Patrick W. Meyer for appellees Michael Longley, M.D.; Eric Phillips, M.D.; Nebraska Spine Surgeons, P.C.; Nebraska Spine Center, L.L.C.; and Nebraska Spine Center, L.L.P.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.

STEPHAN, J.

This is an appeal from an order of the district court for Douglas County granting a motion for new trial and entering summary

judgment in favor of the defendants in a civil action after the court had previously denied, in part, a motion for summary judgment filed by the defendants. We conclude that because there was no final judgment which could be the subject of a motion for new trial, the appeal must be dismissed for lack of jurisdiction and the cause remanded for further proceedings.

## BACKGROUND

Melvin R. Cerny, one of the plaintiffs below, alleges in this action that various health care providers were negligent in treating him for an injury to his spine sustained in a motor vehicle accident. The named defendants included Michael Longley, M.D.; Eric Phillips, M.D.; Nebraska Spine Surgeons, P.C.; Nebraska Spine Center, L.L.C.; and Nebraska Spine Center, L.L.P. (collectively the surgeons) as well as Immanuel Medical Center, doing business as Alegent Health Immanuel Medical Center (the hospital). The operative amended petition alleged that the surgeons were negligent in various aspects of Cerny's care, including failing to obtain his informed consent to a surgical procedure performed on September 2, 2000. The amended petition also alleged that the hospital was liable for its own negligence and vicariously liable for the alleged negligence of the surgeons. Additional plaintiffs included Cerny's wife, Linda Cerny, who asserted a claim for loss of consortium, and Cerny's employer, Geotechnical Services, Inc., joined for the purpose of workers' compensation subrogation pursuant to Neb. Rev. Stat. § 48-118 (Cum. Supp. 2002).

After filing separate answers in which they denied liability, the surgeons and the hospital filed separate motions for summary judgment. Both motions were heard by the court at a single hearing on March 7, 2002, during which each of the parties offered evidence. In an order dated March 28, 2002, the district court granted the motions for summary judgment as to some claims but denied the motions as to others. Specifically, the court determined that there was no evidence to rebut the surgeons' showing that they exercised reasonable care in stabilizing Cerny's spine and performing the surgery. However, the court determined that the surgeons failed to make a prima facie showing in support of their motion with respect to the informed consent allegations because

the affidavits of their experts did not demonstrate a familiarity with the applicable standard of care in Omaha, Nebraska. The court therefore denied the surgeons' motion with respect to the informed consent claim. With respect to the hospital, the court determined that the plaintiffs had presented no evidence to rebut the showing that the surgeons were not agents of the hospital and determined that the hospital had no independent duty to obtain informed consent. Although the court concluded that the hospital was entitled to summary judgment with respect to those claims, it determined that the hospital had failed to make a prima facie showing that it was entitled to summary judgment on the claim that it failed to "stabilize" Cerny, and the court therefore denied the hospital's motion with respect to that issue. Thus, the court directed that the case should "proceed as to the liability of the surgeons to the Plaintiffs on the issue of informed consent, and the hospital's liability to the Plaintiffs as to their allegations that the hospital failed to 'properly stabilize' . . . Cerny's condition under the circumstances."

On April 2 and April 4, 2002, the surgeons and the hospital filed separate motions for new trial pursuant to Neb. Rev. Stat. § 25-1142 (Cum. Supp. 2002), asserting "[a]ccident or surprise, which ordinary prudence could not have guarded against," and asserting that "the decision of the Court [was] not sustained by sufficient evidence and is contrary to law." Although the surgeons' motion for new trial refers to submission of additional affidavits of their experts "outlining in more detail the fact that the standard of care for informed consent for the surgery undergone by [Cerny and] performed by the [surgeons] is the same in any locality throughout the United States," no such affidavits were filed with that motion for new trial.

A hearing on both motions for new trial was held on April 22, 2002. When the surgeons offered additional evidence, the plaintiffs objected on several grounds, including an argument that a motion for new trial under § 25-1142 was inappropriate in the procedural posture of the case. The objection was overruled, and the evidence was received. Additional evidence offered by the hospital was also received over the objection of the plaintiffs. After receiving evidence from the prior hearing which was re-offered by the plaintiffs, the court continued the hearing to May

2 in order to allow the surgeons to offer further additional evidence. The court stated that the plaintiffs would also be permitted to offer additional evidence at the continued hearing.

At the continuation of the hearing, held on May 2, 2002, the court received, over the plaintiffs' objection, additional evidence offered by the surgeons "in support of their motion for new trial." In an order filed on May 7, the court concluded that the surgeons

> were entitled to a "new trial", in view of the Court's order of March 28, 2002, and are entitled to have the Court consider additional evidence, which the Court received as Exhibits No. 19 and 21. By that evidence, the surgeons offered prima facie evidence that they were entitled to summary judgment on the issue of informed consent. . . . The Plaintiffs offered no evidence that the surgeons were required by a standard of care to give any warnings to . . . Cerny before the surgery in question, or what those warnings should have been. Therefore, the surgeons' motion for summary judgment as to informed consent should be granted.

After making a similar finding with respect to the hospital, the court concluded, "Based on the foregoing, and the Court's findings set out in its order of March 28, 2002, the motions for summary judgment of the Defendants are granted in their entirety, and Plaintiffs' Amended Petition should be dismissed, at Plaintiffs' cost."

The plaintiffs perfected a timely appeal from this order, which appeal we moved to our docket on our own motion pursuant to our authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995). Prior to oral argument, the appeal with respect to the claims against the hospital was dismissed by agreement of the parties pursuant to Neb. Ct. R. of Prac. 8E (rev. 2000). Accordingly, we address only those issues raised on appeal with respect to the claims against the surgeons.

## ASSIGNMENT OF ERROR

Although the plaintiffs assert several assignments of error, the issue upon which we base our disposition relates to their contention that the district court erred in granting the surgeons' motion for new trial.

## ANALYSIS

The order which we review in this case is unusual in that it simultaneously grants the surgeons' motion for new trial and enters summary judgment in their favor. However, the only motion on behalf of the surgeons which was pending before the court at the time of the order was their motion for new trial. Accordingly, we treat the order as a ruling on that motion for the purpose of appellate review.

A motion for new trial in a civil action is governed by § 25-1142, which defines a "new trial" as a "reexamination in the same court of an issue of fact after a verdict by a jury, report of a referee, or a trial and decision by the court." The words "trial and" were inserted before the word "decision" in the last phrase of this sentence by an amendment enacted in 2000. See 2000 Neb. Laws, L.B. 921. The same legislation authorized a "motion to alter or amend a judgment" which, like a motion for new trial, must be filed no later than 10 days after the entry of the judgment and operates to terminate the running time for filing a notice of appeal. *Id.*, codified at Neb. Rev. Stat. §§ 25-1329 and 25-1912(3) (Cum. Supp. 2002) respectively. See Neb. Rev. Stat. § 25-1144.01 (Cum. Supp. 2002).

The plaintiffs argue that a motion for new trial was procedurally improper in this case because there was never a "verdict by a jury," a "report of a referee," or a "trial and decision by the court." We agree that the 2000 amendment to § 25-1142 raises a legitimate question of whether a motion for new trial can ever be utilized as a means of seeking review by the trial court of a summary judgment or other final disposition which is not the result of a trial. We note that § 25-1329, which authorizes a motion to alter and amend a judgment, does not contain a similar reference to a "trial." However, we need not resolve this issue here because of a related but distinct jurisdictional deficiency.

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Bellamy*, 264 Neb. 784, 652 N.W.2d 86 (2002); *Macke v. Pierce*, 263 Neb. 868, 643 N.W.2d 673 (2002). In the absence of a judgment or a valid order finally disposing of a case, an appellate court is without jurisdiction to act and must dismiss the purported appeal. *Macke v.*

*Pierce, supra.* See, also, *Waite v. City of Omaha,* 263 Neb. 589, 641 N.W.2d 351 (2002).

The jurisdictional issue presented in this case is whether there was ever a final order which could be the subject of a motion for new trial, assuming without deciding that such a motion was otherwise procedurally correct. Section 25-1144.01 requires that "[a] motion for a new trial shall be filed no later than ten days after the entry of the judgment." In *Macke v. Pierce, supra,* we construed § 25-1144.01 as requiring an entry of judgment, as defined in Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2002), as a prerequisite to the filing of a motion for new trial. The motion for new trial in *Macke* was filed in response to a jury verdict on which judgment had not been entered. We held that because the verdict, standing alone, did not constitute a final judgment, the premature motion for new trial "was a nullity, as was the district court's ruling on the motion for new trial." *Id.* at 872, 643 N.W.2d at 677. We wrote that "[w]hile generally a district court's order ruling on a party's motion for new trial constitutes a final order, a district court's ruling on a motion for new trial is not a valid final order where, as here, both the premature motion and the ruling thereon are nullities." *Id.* We therefore vacated the order and dismissed the appeal. See, also, *Wicker v. Vogel,* 246 Neb. 601, 521 N.W.2d 907 (1994) (holding that motion for new trial directed to nonfinal order is nullity, as is any ruling on such motion).

In the instant case, the surgeons' motion for new trial was specifically directed to the order entered by the district court on March 28, 2002, which granted in part and in part overruled the surgeons' motion for summary judgment. A denial of a motion for summary judgment is not a final order and therefore is not appealable. *Moyer v. Nebraska City Airport Auth.,* 265 Neb. 201, 655 N.W.2d 855 (2003); *McLain v. Ortmeier,* 259 Neb. 750, 612 N.W.2d 217 (2000). Whether a partial summary judgment is a final, appealable order depends upon its effect. *City of Omaha v. Morello,* 257 Neb. 869, 602 N.W.2d 1 (1999); *Larsen v. Ralston Bank,* 236 Neb. 880, 464 N.W.2d 329 (1991). An order granting partial summary judgment is final for the purpose of appeal if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on a summary application in an action

after judgment is rendered. *City of Omaha, supra*; Neb. Rev. Stat. § 25-1902 (Reissue 1995). A partial summary judgment proceeding is not a special proceeding within the meaning of § 25-1902. *Keef v. State*, 262 Neb. 622, 634 N.W.2d 751 (2001); *O'Connor v. Kaufman*, 255 Neb. 120, 582 N.W.2d 350 (1998). The partial summary judgment in this case was not entered subsequently to the rendition of another judgment. Thus, the partial summary judgment entered in favor of the surgeons could not be a final order under § 25-1902 unless it determined the action and prevented a judgment, which it clearly did not. The district court's order of March 28 precluded the plaintiffs from proceeding on certain theories of recovery but permitted the action to proceed on the theory that the surgeons did not obtain Cerny's informed consent. Thus, the March 28 order was not a final order or judgment, but, rather, an interlocutory order which could not be the subject of a motion for new trial. Applying *Macke v. Pierce*, 263 Neb. 868, 643 N.W.2d 673 (2002), we conclude that the surgeons' motion for new trial and the order entered pursuant to the motion were nullities and that no final, appealable order appears of record.

## CONCLUSION

Because the surgeons' motion for new trial and the order granting it were nullities, we vacate the order of May 7, 2002, with respect to the surgeons, dismiss the appeal, and remand the cause for further proceedings.

ORDER VACATED, APPEAL DISMISSED, AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.

MCCORMACK, J., not participating.