not set forth in our record. We do not know what impact, other than temporary separation from Darwin, the incident had on Athina. The evidence put forth by the State in this case does not meet the clear and convincing standard necessary to prove that it is in Athina's best interests to terminate Darwin's parental rights. Accordingly, we find that the juvenile court erred in terminating Darwin's parental rights to Athina.

## CONCLUSION

For the reasons stated above, we reverse the order of the juvenile court terminating Darwin's parental rights to Athina and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

———————————

Pamela Pflueger-James and Michael James,
husband and wife, appellants, v. Pope Paul VI
Institute Physicians, P.C., doing business as
Pope Paul VI Institute, et al., appellees.

___ N.W.2d ___

Filed January 14, 2014.    No. A-12-802.

1. **Pleadings: Appeal and Error.** Permission to amend a pleading is addressed to the discretion of the trial court, and an appellate court will not disturb the trial court's decision absent an abuse of discretion.

2. **Malpractice: Physician and Patient: Negligence: Informed Consent.** An allegation that a medical provider breached a duty of care by deviating from the accepted standard of care in negligently performing unnecessary and unwarranted surgery on a patient, without the proper informed consent of the patient, is sufficient to state a claim for negligence through lack of informed consent.

3. **Informed Consent: Words and Phrases.** Informed consent is defined as consent to a procedure based on information which would ordinarily be provided to the patient under like circumstances by health care providers.

4. **Informed Consent: Proof: Proximate Cause.** Neb. Rev. Stat. § 44-2820 (Reissue 2010) requires a plaintiff claiming lack of informed consent to prove by a preponderance of the evidence that a reasonably prudent person in the plaintiff's position would not have undergone the treatment had he or she been properly informed and that the lack of informed consent was the proximate cause of the injury and damages claimed.

5. **Pleadings: Appeal and Error.** In reviewing whether a trial court erred in denying a motion to amend a pleading, an appellate court views the record as it existed at the time the motion was filed.

6. **Pleadings.** Leave of court to amend a pleading shall be freely given when justice so requires.

7. ____. A district court's denial of leave to amend a pleading is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated. Delay alone is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair prejudice to the party opposing amendment.

8. **Pleadings: Proof.** The burden of proof of prejudice is on the party opposing the amendment of a pleading. Prejudice does not mean inconvenience to a party, but instead requires that the nonmoving party show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely.

9. **Actions: Pleadings: Words and Phrases.** A cause of action consists of the fact or facts which give one a right to judicial relief against another; a theory of recovery is not itself a cause of action. Thus, two or more claims in a complaint arising out of the same operative facts and involving the same parties constitute separate legal theories, of either liability or damages, and not separate causes of action.

10. **Informed Consent.** A claim for lack of informed consent based upon the same set of facts alleged in an existing complaint is a theory of recovery, not a new cause of action.

Appeal from the District Court for Douglas County: Leigh Ann Retelsdorf, Judge. Reversed and remanded for a new trial.

Diana J. Vogt and Thomas D. Prickett, of Sherrets, Bruno & Vogt, L.L.C., for appellants.

David D. Ernst and Lisa M. Meyer, of Pansing, Hogan, Ernst & Bachman, L.L.P., for appellees.

Riedmann, Judge, and Mullen, District Judge, Retired.

Per Curiam.

## INTRODUCTION

Pamela Pflueger-James and Michael James, plaintiffs, sued Pope Paul VI Institute Physicians, P.C., doing business as Pope Paul VI Institute; Thomas W. Hilgers, M.D.; and John or Jane Doe, defendants, to recover damages arising from the

actions of Dr. Hilgers. After allowing plaintiffs to amend their complaint once, the district court denied any further amendments. The court granted defendants' motion to dismiss one of plaintiffs' claims, and a jury found in favor of defendants on the remaining claim. Plaintiffs appeal. We conclude that the district court erred in denying plaintiffs' motion to file a second amended complaint. Accordingly, we reverse, and remand for a new trial.

## PROCEDURAL BACKGROUND

On May 16, 2007, plaintiffs filed the original complaint, in which they designated two "causes of action." The first was for medical malpractice; the second was for James' loss of consortium.

On September 3, 2009, plaintiffs filed a first amended complaint, alleging in their "first cause of action" that Dr. Hilgers was negligent in performing surgery on Pflueger-James and in providing care for her postsurgery. In their "second cause of action," plaintiffs alleged that Dr. Hilgers was negligent in misrepresenting the procedures he would be performing. The "third cause of action" was for James' loss of consortium as a result of the injuries to Pflueger-James.

In September 2010, plaintiffs' fourth attorney of record filed a motion to file a second amended complaint. The reason given in support of the motion was the assertion that this action was a medical malpractice claim brought pursuant to the Nebraska Hospital-Medical Liability Act (NHMLA), but that compliance with more than one of the requirements of the NHMLA was not properly pled in the first amended complaint. A more detailed explanation of the NHMLA is not necessary to understand the disposition of this appeal. The second amended complaint would have presented the issues of an act of professional negligence and lack of informed consent, together with general damages, special damages, and loss of consortium. The trial court denied the motion in October 2010, but allowed plaintiffs to designate additional expert witnesses and conduct written discovery. Trial was set for July 6, 2011.

Expert medical depositions were taken in December 2010 and in January, April, and September 2011. Each of those

expert witnesses was questioned on the issue of informed consent. Trial was continued upon plaintiffs' motion.

In December 2011, defendants filed a motion for summary judgment or, in the alternative, motion to dismiss, moving the court for an order dismissing the "second cause of action" for negligent misrepresentation. On December 29, plaintiffs again filed a motion to file a second amended complaint, stating that this was a medical malpractice claim now brought pursuant to the NHMLA, that the NHMLA was the exclusive remedy, that no new causes of action would be added, and that informed consent would be added as an additional allegation.

The court granted defendants' motion to dismiss plaintiffs' claim of negligent misrepresentation and denied leave to file the second amended complaint.

Trial commenced on July 23, 2012. The jury returned a verdict for defendants. Plaintiffs appeal.

## ASSIGNMENTS OF ERROR

Plaintiffs assign as error, restated and simplified, that the court erred by not allowing plaintiffs to file the second amended complaint and in dismissing their "second cause of action."

## STANDARD OF REVIEW

[1] Permission to amend a pleading is addressed to the discretion of the trial court, and an appellate court will not disturb the trial court's decision absent an abuse of discretion. *InterCall, Inc. v. Egenera, Inc.*, 284 Neb. 801, 824 N.W.2d 12 (2012).

## ANALYSIS

[2] Plaintiffs' primary argument on appeal is that lack of informed consent was in fact alleged in the first amended complaint. Plaintiffs cite to American Jurisprudence Pleading and Practice Forms Annotated, which provides that the operative allegation necessary to state a claim for negligence through lack of informed consent need only state that the defendant "breached [a duty] in one or more of the following ways, any one of which was a departure from the accepted standard of care: . . . (k) In negligently performing unnecessary and unwarranted surgery on plaintiff, *without the proper informed*

*consent of plaintiff*[.]" 19B Am. Jur. Pl. & Pr. Forms Annot. *Physicians, Surgeons, and Other Healers* § 85 at 22-23 (2007) (emphasis supplied).

Plaintiffs contend the following portions of the first amended complaint compose an allegation of harm resulting from lack of informed consent:

> 20. Dr. Hilgers had a duty, in the course of his profession as a medical doctor, to supply accurate information to the [sic] guide his potential patients, including Plaintiffs, who comprised his target audience in his presentations. Dr. Hilgers knew or should have known that the members of his audience would justifiab[ly] rely on the materials he presented and he failed to exercise reasonable care, specifically, in the following:

> 20.1. In presenting and advocating medical procedures to vulnerable couples, including Plaintiffs, incapable of achieving natural reproduction, which procedures were presented as having prior histories of increased fertility. Defendant Hilgers knew or should have known that these procedures were not supported by independent medical research, medically-acceptable practices, or other sound medical principles known to, accepted and practiced by gynecologists and/or reproductive medicine physicians, though he represented them as such.

Plaintiffs claim the first amended complaint adequately alleged that Pflueger-James suffered bodily injury, that she was not fully informed about the procedure, and that she suffered damages as a result, which plaintiffs assert is all that is required to state a claim for lack of informed consent.

[3,4] Informed consent is defined as "consent to a procedure based on information which would ordinarily be provided to the patient under like circumstances by health care providers." Neb. Rev. Stat. § 44-2816 (Reissue 2010). Neb. Rev. Stat. § 44-2820 (Reissue 2010) requires a plaintiff claiming lack of informed consent to prove by a preponderance of the evidence that a reasonably prudent person in Pflueger-James' position would not have undergone the treatment had he or she been properly informed and that the lack of informed consent was the proximate cause of the injury and damages claimed.

Plaintiffs' first amended complaint asserted that Dr. Hilgers gave presentations and solicited participation in the technology and fertility programs advanced by him and the Pope Paul VI Institute and that plaintiffs attended one such presentation in 2005. Plaintiffs claimed that after the presentation, Dr. Hilgers personally urged Pflueger-James to participate in a hormone study he advocated and encouraged her to visit Omaha for a hormone panel and later wrote to her to recommend surgery. Plaintiffs alleged that these interactions with Dr. Hilgers prompted them to consult with him about the recommended procedures.

[5] Further, the first amended complaint alleged that Dr. Hilgers had a duty to give accurate information and guidance to potential patients present at his presentations and that he knew or should have known that audience members would rely on the materials presented. Plaintiffs averred that Dr. Hilgers failed to exercise reasonable care by presenting and advocating to plaintiffs medical procedures which Dr. Hilgers purported had resulted in increased fertility. According to paragraph 20.1 of the first amended complaint, Dr. Hilgers knew or should have known that these procedures were not supported by independent medical research, medically acceptable practices, or other sound medical principles known to, accepted by, and practiced by gynecologists and/or reproductive medicine physicians, although he represented them as such. Plaintiffs concluded that defendants' negligent misrepresentations directly and proximately caused Pflueger-James to undergo treatment for infections. At the hearing on their motion to amend the first amended complaint in 2010, plaintiffs stated that their case was "primarily one of unwarranted surgery, one not supported in scientific fact. The First Amended Complaint actually says unwarranted surgery. If we're stuck with that, we can make it work and we'll ignore the fraud charge." Counsel claimed that the amendment "doesn't change things, really." We are mindful that counsel's interpretation of the allegations contained in the first amended complaint changed, as evidenced by counsel's agreement in 2011 that the motion to dismiss the claims of negligent misrepresentation should be dismissed, but in reviewing whether the district court erred in denying the motion to

amend in 2010, we view the record as of that date. Analyzing plaintiffs' complaint as the district court should have in 2010, we find plaintiffs' argument that lack of informed consent was pled persuasive.

Plaintiffs' first amended complaint alleged that Dr. Hilgers failed to inform Pflueger-James the treatment she received was not generally accepted in the field of obstetrics and gynecology and that Dr. Hilgers' medical claims in support of the treatment were not subject to proper peer review. Plaintiffs averred that as a result, Pflueger-James underwent unnecessary treatment.

[6-8] Plaintiffs assert that allowing them to file the second amended complaint in 2010 would not have caused undue delay and prejudice and that, therefore, the district court erred in denying their motion to amend. We agree. *InterCall, Inc. v. Egenera, Inc.*, 284 Neb. 801, 824 N.W.2d 12 (2012), is instructive in this case. The court in *InterCall, Inc.* held:

> When a party seeks leave of court to amend a pleading, our rules require that "leave shall be freely given when justice so requires." A district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated. . . . "[D]elay alone is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair prejudice to the party opposing amendment." The burden of proof of prejudice is on the party opposing the amendment. "Prejudice does not mean inconvenience to a party," but instead requires that the nonmoving party "'show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'"

284 Neb. at 811, 824 N.W.2d at 21.

[9] In evaluating whether granting a motion to amend would have occasioned prejudice, the court in *InterCall, Inc.* distinguished between a cause of action and a theory of recovery:

> "A cause of action consists of the fact or facts which give one a right to judicial relief against another; a theory

of recovery is not itself a cause of action. Thus, two or more claims in a complaint arising out of the same operative facts and involving the same parties constitute separate legal theories, of either liability or damages, and not separate causes of action."

284 Neb. at 812, 824 N.W.2d at 22, quoting *Poppert v. Dicke*, 275 Neb. 562, 747 N.W.2d 629 (2008). The court in *InterCall, Inc*. concluded that the district court did not abuse its discretion in allowing the defendant to amend its counterclaim to include an additional theory of recovery on the eve of trial.

It is clear from the district court's comments at the 2010 hearing that it considered informed consent a new cause of action, even though plaintiffs' counsel argued that it was not. On appeal, plaintiffs argue that defendants were not prejudiced, because, like the defendant in *InterCall, Inc*., trial counsel was attempting merely to plead lack of informed consent as a theory of recovery arising out of the same general malpractice cause of action. No Nebraska cases explicitly label lack of informed consent as either a theory of recovery or a cause of action, but in *Cerny v. Longley*, 266 Neb. 26, 661 N.W.2d 696 (2003), the Nebraska Supreme Court noted, without comment, the trial court's designation of informed consent as a theory of recovery.

[10] Other jurisdictions have treated informed consent as a theory of recovery. See, *Rainer v. Community Memorial Hosp.*, 18 Cal. App. 3d 240, 254, 95 Cal. Rptr. 901, 909 (1971) ("[w]here additional investigation and discovery is not required to meet the new issue, it would appear that it would constitute an abuse of discretion not to permit the amendment of a complaint [to add a claim of lack of informed consent] even at the outset of a trial, where the amendment merely adds a new theory of recovery on the same set of facts constituting the cause of action"); *Miller-McGee v. Washington Hosp. Center*, 920 A.2d 430 (D.C. 2007) (because patient's amended complaint at least arguably encompassed claim of lack of informed consent, she did not unduly delay by never seeking leave to amend her complaint to add more definite statement of that claim; there was no evidence of bad faith or dilatory motive or repeated failure to cure deficiencies; lack of

informed consent rested on same set of facts alleged in existing amended complaint; and discovery put doctor and hospital on notice of informed consent issue); *Rodgers v. Higgins*, 871 P.2d 398 (Okla. 1993) (claims against doctor for fraud and misrepresentation, breach of warranty, and execution of blood transfusion without informed consent all arose out of one pathogenic blood transfusion, and thus constituted nothing more than three distinct and alternative theories of recovery, rather than separate causes of action).

As we have already observed, plaintiffs pled operative facts supporting informed consent in their first amended complaint. Based on the foregoing authority, under the facts of this case, informed consent was a theory of recovery.

Under the standard set forth in *InterCall, Inc. v. Egenera, Inc.*, 284 Neb. 801, 824 N.W.2d 12 (2012), we conclude that defendants would not have been prejudiced by granting plaintiffs' motion to amend the first amended complaint in 2010. In this case, informed consent was a theory of recovery, rather than a new cause of action, and the factual basis of informed consent was already pled in the first amended complaint. Moreover, there is no evidence that plaintiffs were dilatory or exhibited bad faith in curing any deficiencies in the pleadings. Rather, the amendment sought was the result of plaintiffs' retaining new counsel who entered their appearance 2 weeks before the motion was filed. Although the district court denied the motion for leave to amend on the basis of untimeliness, it granted an enlargement of time for purposes of allowing plaintiffs to add additional experts and issue written discovery. The court recognized that by allowing this additional discovery, defendants' strategy in defending the case may change, but recognized that such a change does not necessarily equate to prejudice. The district court noted:

> I understand this is a tough call for me in the sense that I understand your argument that you possessed a certain strategy all along. However, when I look at that, I'm looking for expenses you've expended. If you're going to change your strategy because I have a different expert, I thought about it and I would give you the appropriate amount of time.

As stated above, delay, alone, is an insufficient reason to deny a motion for leave to amend a pleading. Since defendants failed to show they would be unduly prejudiced if the amendment were granted, the trial court abused its discretion in disallowing it.

Having found that the district court should have allowed the amendment in 2010, we need not address plaintiffs' remaining assignments of error.

## CONCLUSION

We find that the district court abused its discretion in denying plaintiffs' motion to amend the first amended complaint in 2010. Accordingly, we reverse, and remand for a new trial.

Reversed and remanded for a new trial.

Irwin, Judge, participating on briefs.

————————————

Philip Shear, appellant, v. City of Wayne Civil Service Commission and the City of Wayne, Nebraska, a municipal corporation, appellees.

___ N.W.2d ___

Filed January 14, 2014.    No. A-12-830.

1. **Constitutional Law: Due Process.** The determination of whether the procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law.
2. **Judgments: Appeal and Error.** On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.
3. **Administrative Law: Appeal and Error.** In reviewing an administrative agency decision on a petition in error, both the district court and the appellate court review the decision to determine whether the agency acted within its jurisdiction and whether sufficient, relevant evidence supports the decision of the agency.
4. ____: ____. The reviewing court in an error proceeding is restricted to the record before the administrative agency and does not reweigh evidence or make independent findings of fact.
5. **Administrative Law: Evidence.** The evidence is sufficient, as a matter of law, if an administrative tribunal could reasonably find the facts as it did from the testimony and exhibits contained in the record before it.
6. **Public Officers and Employees: Termination of Employment: Due Process.** Under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S. Ct.