IN RE GUARDIANSHIP AND CONSERVATORSHIP OF W.G. WOLTEMATH,
ALSO KNOWN AS WILMER WOLTEMATH, ALSO KNOWN AS
WILMER JOHAN GOTLIEB WOLTEMATH,
AN INCAPACITATED AND PROTECTED PERSON.
KATHLEEN A. REENTS, APPELLANT, V. ROBERT J. WOLTEMATH,
ATTORNEY IN FACT FOR W.G. WOLTEMATH AND TRUSTEE
OF THE WILMER G. WOLTEMATH TRUST, APPELLEE.

680 N.W.2d 142

Filed May 28, 2004.    No. S-02-550.

William E. Seidler, Jr., of Seidler & Seidler, P.C., for appellant.

Gregory C. Scaglione, of Koley Jessen P.C., L.L.O., for appellee.

HENDRY, C.J., WRIGHT, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## BACKGROUND

Kathleen A. Reents (Kathleen), the appellant, and Robert J. Woltemath (Robert), the appellee, are the adult children of W.G. Woltemath (W.G.). In 1995, W.G. executed a series of estate planning documents prepared by an attorney from the Koley Jessen law firm, which represented W.G. at that time and represents Robert in the current proceeding. In particular, W.G. executed a "springing" durable power of attorney, a health care power of attorney, a last will and testament, and a revocable trust. As pertinent, the durable power of attorney appointed Robert as W.G.'s attorney in fact in the event of his disability or incapacity, and Robert was named cotrustee of the trust in the event that W.G. became incompetent. The power of attorney and trust documents did not provide how W.G.'s disability, incapacity, or incompetence were to be determined.

By January 2001, W.G. was suffering from dementia of the Alzheimer's type, and Robert and Kathleen met to discuss the management of their father's affairs. They disagreed with respect to several issues. In April 2001, Kathleen filed a petition in the county court for appointment of a guardian and conservator for W.G., nominating herself as guardian, and a neutral attorney as conservator. Robert filed a responsive pleading alleging the existence of, and his authority pursuant to, the 1995 documents. Kathleen replied that the 1995 power of attorney was a "Springing" power of attorney that was effective only after a *judicial* determination of W.G.'s disability or incapacity to manage his own affairs and further that there had been no judicial determination of W.G.'s incompetence to manage the revocable trust. Robert replied that a judicial determination was unnecessary to activate his authority pursuant to those documents.

Kathleen also filed a motion to disqualify Koley Jessen from representing Robert, based on an alleged conflict of interest arising from the firm's prior representation of W.G. The county court denied that motion, but appointed independent counsel to represent W.G.

The matter proceeded to trial. Significantly, prior to trial, the parties stipulated that W.G. had properly executed the 1995 documents, that W.G. had become incompetent to handle his own affairs, and that "the Durable Power of Attorney executed by W.G. . . . on December 27, 1995 *has now become effective* due to the agreed upon incompetency of W.G." (Emphasis supplied.) After trial, Robert, joined by counsel for W.G., moved to dismiss Kathleen's petition. The county court granted the motion, finding no evidence, let alone clear and convincing evidence, that appointment of a guardian or conservator was necessary or advisable. After this decision, which was announced from the bench, Kathleen filed a notice of appeal and paid the required docket fee. Subsequently, the court entered a file-stamped order dismissing Kathleen's petition. Kathleen filed another notice of appeal, but this time did not pay the docket fee.

The county court's order dismissing Kathleen's petition specifically reserved the issue of attorney fees, which had been requested in Robert's responsive pleadings pursuant to Neb. Rev. Stat. § 25-824 (Reissue 1995). Kathleen's first two notices of appeal preceded the court's ruling on attorney fees. The county court subsequently awarded attorney fees against Kathleen, to Robert in the amount of $42,418.97 and to W.G.'s attorney in the amount of $12,568.72. Kathleen subsequently filed another notice of appeal, but again did not pay the docket fee. At that point, the procedural sequence of events occurring in 2002 stood as follows:

May 7    The county court announced, from the bench, its decision to dismiss the petition, and its intention to award attorney fees, but reserved ruling on the amount and to whom the attorney fees would be assessed.

May 15    Kathleen filed her first notice of appeal and paid the docket fee.

May 21   The county court filed a written order memori-
         alizing the decision announced from the bench
         on May 7, but still reserved ruling on attorney
         fees.

June 19  Kathleen filed her second notice of appeal, styled
         as an "Amended Notice of Appeal," purporting to
         relate to the May 21 file-stamped order. Kathleen
         did not pay another docket fee.

June 20  The county court filed its order assessing attor-
         ney fees against Kathleen.

June 28  Kathleen filed another "Notice of Appeal."
         Kathleen again did not pay the docket fee.

## ASSIGNMENTS OF ERROR AND ISSUES ON APPEAL

Kathleen assigns, consolidated and restated, that the county court erred in (1) not appointing a guardian or conservator for W.G. because Robert failed to obtain the judicial declaration necessary to give effect to the springing durable power of attorney, (2) not disqualifying Koley Jessen from representing Robert, and (3) ordering Kathleen to pay attorney fees.

Robert argues that this court lacks jurisdiction because of Kathleen's failure to pay the docket fee for the only notice of appeal she filed with respect to a final, appealable order. See *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.*, 260 Neb. 905, 620 N.W.2d 90 (2000) (filing of notice of appeal and depositing of docket fee are both mandatory and jurisdictional). Robert also argues that Kathleen has waived her assignment of error respecting the disqualification of Koley Jessen by not seeking timely review of that issue in a mandamus action. See *Mathews v. Mathews*, 267 Neb. 604, 676 N.W.2d 42 (2004) (appellate action is inadequate means of presenting attorney conflicts of interest for review; party seeking review of order denying disqualification should seek mandamus).

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Smith v. Lincoln Meadows Homeowners Assn.*, 267 Neb. 849, 678 N.W.2d 726 (2004).

## ANALYSIS

We first turn to Robert's contention that we lack appellate jurisdiction. Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case. *Pennfield Oil Co. v. Winstrom*, 267 Neb. 288, 673 N.W.2d 558 (2004). Robert contends that we lack jurisdiction because Kathleen's first two notices of appeal were premature, and because her final notice of appeal was not accompanied by the required docket fee. Kathleen argues, in response, that (1) her May 15, 2002, notice of appeal divested the county court of jurisdiction to rule on attorney fees, (2) the notice of appeal filed on May 15 should be treated as filed on June 20 pursuant to Neb. Rev. Stat. § 25-1912(2) (Cum. Supp. 2002), and (3) the docket fee filed with the May 15 notice of appeal should relate forward to the notice of appeal filed on June 28.

As a preliminary matter, we note, although the parties do not contend otherwise, that the notices of appeal filed on May 15 and June 19, 2002, were premature and not taken from a final, appealable order. When a motion for attorney fees under § 25-824 is made prior to the judgment of the court in which the attorney's services were rendered, the judgment will not become final and appealable until the court has ruled upon that motion. *Salkin v. Jacobsen*, 263 Neb. 521, 641 N.W.2d 356 (2002). Kathleen's May 15 and June 19 notices of appeal were not taken from final, appealable orders and failed to confer appellate jurisdiction on this court.

This conclusion is also dispositive of Kathleen's first argument with respect to jurisdiction: that the county court was divested of jurisdiction by the May 15, 2002, notice of appeal. Generally, after an appeal to an appellate court has been perfected in a civil case, a lower court is without jurisdiction to hear a case involving the same matter between the same parties. However, a party may appeal from a court's order only if the decision is a final, appealable order. *Nebraska Nutrients v. Shepherd*, 261 Neb. 723, 626 N.W.2d 472 (2001). A notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal by the appellate court. *Id.*; *Holste v. Burlington Northern RR. Co.*, 256

Neb. 713, 592 N.W.2d 894 (1999). Because Kathleen's first two notices of appeal were taken from a nonappealable order, see *Salkin, supra,* the county court retained jurisdiction to award attorney fees.

Kathleen's argument that the May 15, 2002, notice of appeal should be treated as having been filed on June 20 is also without merit. She relies upon § 25-1912(2), which provides that

> [a] notice of appeal or docket fee filed or deposited after the announcement of a decision or final order but before the entry of the judgment, decree, or final order shall be treated as filed or deposited after the entry of the judgment, decree, or final order and on the date of entry.

However, the plain language of § 25-1912(2) provides for the relation forward of a notice of appeal or docket fee only when filed or deposited "after the announcement of a decision or final order," but before "entry of the judgment" pursuant to Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2002). This statute essentially codifies our prior rule, expressed in *State v. McDowell,* 246 Neb. 692, 522 N.W.2d 738 (1994), that a notice of appeal filed after the trial court announced its decision, but before a judgment has been rendered, is effective to confer jurisdiction on the appellate court if the notice of appeal shows on its face that it relates to the decision which has been announced by the trial court and the record shows that a judgment was subsequently rendered in accordance with the decision which was announced and to which the notice of appeal relates. See, also, *State v. Hess,* 261 Neb. 368, 622 N.W.2d 891 (2001); *Janssen v. Tomahawk Oil Co.,* 254 Neb. 370, 576 N.W.2d 787 (1998).

As with the rule we set forth in *McDowell, supra,* § 25-1912(2) was not intended to validate anticipatory notices of appeal filed prior to the announcement of a final judgment. See, *General Television Arts, Inc. v. Southern Ry. Co.,* 725 F.2d 1327 (11th Cir. 1984); *Hess, supra.* The language of § 25-1912(2) is functionally identical to that of Fed. R. App. P. 4(a)(2). See *id.* ("notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry"). Under rule 4(a)(2), the relation forward of a premature notice of appeal applies only to a decision that will be appealable once it is entered. See 20 James Wm.

Moore et al., Moore's Federal Practice § 304.12 (3d ed. 2004). "Although an appeal need not be from a final *judgment*, it must be from a final *decision.*" *Id.*, § 304.23 at 304-74.

The U.S. Supreme Court, addressing the effect of rule 4(a)(2), explained that the rule permits a notice of appeal filed from certain nonfinal decisions to serve as an effective notice from a subsequently entered final judgment. See *FirsTier Mtge. Co. v. Investors Mtge. Ins. Co.*, 498 U.S. 269, 111 S. Ct. 648, 112 L. Ed. 2d 743 (1991). However, the Court stated that a premature notice of appeal relates forward to the date of entry of a final "judgment" only when the ruling designated in the notice is a "decision" for purposes of the rule. See *id.* Thus, the rule does not permit a notice of appeal from a clearly interlocutory decision. See *id.* Rather, the rule "permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment." (Emphasis in original.) 498 U.S. at 276. Based on that holding, the Court concluded that the notice of appeal at issue in that case related forward, because it had been filed after a bench ruling that purported to dispose of all of the pending claims. See *id.* See, e.g., *American Totalisator v. Fair Grounds Corp.*, 3 F.3d 810 (5th Cir. 1993) (notice of appeal related forward because it was filed after disposition of all outstanding issues). Compare, e.g., *In re Jack Raley Const., Inc.*, 17 F.3d 291 (9th Cir. 1994) (premature notice of appeal did not relate forward under rule 4(a)(2) because matter of prejudgment interest was not decided until after notice of appeal had been filed).

The reasoning of *FirsTier Mtge. Co.* with respect to rule 4(a)(2) is equally applicable to the functionally identical language of § 25-1912(2). See, *Phillips v. Industrial Machine*, 257 Neb. 256, 597 N.W.2d 377 (1999) (Gerrard, J., concurring) (U.S. Supreme Court interpretation of federal statute is persuasive where state law is identical to federal law at issue); *In re Application of Northland Transp.*, 239 Neb. 918, 479 N.W.2d 764 (1992). We also assume that when the Legislature used the language of rule 4(a)(2), it was aware of the U.S. Supreme Court's authoritative explanation of the effect of that rule. Consequently, we hold that § 25-1912(2) permits a notice of

appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a lower court announces a decision that would be appealable if immediately followed by the entry of judgment. See *FirsTier Mtge. Co., supra.*

Based on that holding, we conclude that neither the county court's pronouncement from the bench on May 7, 2002, nor the county court's written order of May 21, announce a "decision or final order" within the meaning of § 25-1912(2). The notices of appeal of May 15 and June 19 were filed before the issue of attorney fees was finally determined and cannot relate forward. In short, the May 7 order was not an "announcement of a decision or final order" within the meaning of § 25-1912(2) because it was not a decision that would have been appealable if immediately followed by the entry of judgment. See, *FirsTier Mtge. Co. v. Investors Mtge. Ins. Co.,* 498 U.S. 269, 111 S. Ct. 648, 112 L. Ed. 2d 743 (1991); *In re Jack Raley Const., Inc., supra; Salkin v. Jacobsen,* 263 Neb. 521, 641 N.W.2d 356 (2002). The only timely and effective notice of appeal filed in this case was filed on June 28, as it was the only notice filed after the county court announced a final decision and entered a final, appealable order.

We now turn to Kathleen's final contention, and the fundamental issue of appellate jurisdiction presented in this case: whether the docket fee deposited with the May 15, 2002, notice of appeal satisfied the jurisdictional requirements associated with the June 28 notice of appeal. As relevant, § 25-1912(1) provides that

> proceedings to obtain a reversal, vacation, or modification of judgments and decrees rendered or final orders made by the district court . . . shall be by filing in the office of the clerk of the district court in which such judgment, decree, or final order was rendered, within thirty days after the entry of such judgment, decree, or final order, a notice of intention to prosecute such appeal signed by the appellant or appellants or his, her, or their attorney of record and . . . by depositing with the clerk of the district court the docket fee required by section 33-103.

See, also, Neb. Rev. Stat. § 30-1601 (Cum. Supp. 2002) (appeals from county court in probate cases taken to Nebraska Court of Appeals in same manner as appeal from district court). Section 25-1912(4) further provides, in relevant part, that

an appeal shall be deemed perfected and the appellate court shall have jurisdiction of the cause when such notice of appeal has been filed and such docket fee deposited in the office of the clerk of the district court, and after being perfected no appeal shall be dismissed without notice, and no step other than the filing of such notice of appeal and the depositing of such docket fee shall be deemed jurisdictional.

We conclude that Kathleen's argument, that the docket fee she paid should relate forward, is inconsistent with the plain language of § 25-1912, and that she was required to deposit the required docket fee after the entry of final judgment in order to perfect her appeal. Section 25-1912(1) requires that an appeal is perfected by filing a notice of appeal and depositing the docket fee "within thirty days *after* the entry of such judgment, decree, or final order." (Emphasis supplied.) See *Haber v. V & R Joint Venture*, 263 Neb. 529, 641 N.W.2d 31 (2002). The plain language of § 25-1912(1) requires that both the notice of appeal and the docket fee must be filed *after* the entry of the final order from which the appeal is taken. See *Haber, supra*. Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *In re Estate of Breslow*, 266 Neb. 953, 670 N.W.2d 797 (2003).

Furthermore, Kathleen's argument is inconsistent with § 25-1912(2) and (3). Section 25-1912(2) states that a docket fee deposited after the "announcement of a decision or final order," but before the entry of judgment, shall be treated as deposited after the entry of judgment. Section 25-1912 provides that both the notice of appeal and docket fee are jurisdictional, and the statute establishes identical criteria for determining whether they were timely filed and whether they should relate forward. See *id.* In other words, under § 25-1912, *an untimely docket fee has the same effect as an untimely notice of appeal.* We have already concluded that the May 15, 2002, notice of appeal cannot relate forward, because it was not filed after the announcement of a decision or final order that would have been appealable if followed immediately by the entry of judgment. The May 15 docket fee is subject to the same statutory language, and cannot relate

forward to the June 20 judgment or June 28 notice of appeal for the same reasons.

Similarly, § 25-1912(3) provides that if a party files a motion that terminates the running of the time for filing a notice of appeal, such as a motion for new trial, a notice of appeal filed before the court announces its decision upon the terminating motion shall have no effect. The statute provides that a new notice of appeal shall be filed after the entry of the order ruling on the terminating motion, but that "[n]o additional fees are required for such filing." *Id.*

A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless. *Gilroy v. Ryberg*, 266 Neb. 617, 667 N.W.2d 544 (2003). Section 25-1912 expressly provides for the relation forward of a docket fee that has been prematurely deposited and sets forth the circumstances under which such a relation forward is to occur. Were we to conclude that any prematurely filed docket fee relates forward to a subsequently filed notice of appeal, the specific provisions of § 25-1912 would be superfluous. Rather, we must conclude that the Legislature's positive statement of when a relation forward is to occur was intended to foreclose a notice of appeal or docket fee from relating forward under other circumstances. See *Premium Farms v. County of Holt*, 263 Neb. 415, 640 N.W.2d 633 (2002) (applying principle that expression of one thing is exclusion of others).

For the foregoing reasons, we conclude that the jurisdictional requirements of § 25-1912 were not satisfied by the May 15, 2002, docket fee, which was not deposited "within thirty days after" the entry of the final order from which this appeal was taken. Kathleen's appeal, based on the June 28 notice of appeal, was not perfected pursuant to § 25-1912(4), and we consequently lack appellate jurisdiction. An appellate court acquires no jurisdiction unless the appellant has satisfied the requirements for appellate jurisdiction. *Manske v. Manske*, 246 Neb. 314, 518 N.W.2d 144 (1994). When an appellate court is without jurisdiction to act, the appeal must be dismissed. *Larsen v. D B Feedyards*, 264 Neb. 483, 648 N.W.2d 306 (2002).

APPEAL DISMISSED.

CONNOLLY, J., not participating.