J & H SWINE, INC., A NEBRASKA CORPORATION, APPELLANT, V. HARTINGTON CONCRETE, INC., A NEBRASKA CORPORATION, APPELLEE.

687 N.W.2d 9

Filed September 28, 2004. No. A-03-010.

David A. Domina, James F. Cann, and Claudia L. Stringfield, of Domina Law, P.C., for appellant.

Michael C. Cox and John M. Lingelbach, of Koley Jessen, P.C., L.L.O., for appellee.

IRWIN, Chief Judge, and SIEVERS and CARLSON, Judges.

CARLSON, Judge.

## INTRODUCTION

J & H Swine, Inc., brought a breach of contract action against Hartington Concrete, Inc., involving the construction of a livestock waste structure. Following a jury trial, the jury returned a verdict in favor of Hartington Concrete and the trial court entered judgment on the verdict. J & H Swine appeals.

## BACKGROUND

J & H Swine brought a breach of contract action against Hartington Concrete alleging that Hartington Concrete breached an agreement with J & H Swine for the construction of a concrete livestock waste structure for J & H Swine to use in its swine producing business. Hartington Concrete completed construction of the structure in October 1997, upon which completion J & H Swine paid Hartington Concrete the full purchase price as agreed, and J & H Swine put the structure to use. In June 1999, two of the structure's concrete wall panels collapsed and fell into the waste contained in the structure. J & H Swine alleged that the design and construction of the structure were defective, and it sought $47,658 in general damages and $113,966.99 in special damages.

In its answer, Hartington Concrete generally denied J & H Swine's allegations and alleged several affirmative defenses including that there was no privity of contract between Hartington Concrete and J & H Swine, that the plans and specifications for the structure were provided by J & H Swine and Hartington Concrete constructed the structure in accordance with those plans, and that the two concrete panels collapsed because J & H Swine failed to properly backfill and grade around the structure.

A jury trial was held in the district court for Cedar County. The jury was asked to determine whether there was a contract between Hartington Concrete and J & H Swine for the construction of the waste structure and, if there was, whether Hartington Concrete breached such contract. On December 5, 2002, the jury rendered a general verdict in favor of Hartington Concrete. On December 19, Hartington Concrete filed a motion for costs incurred in the matter totaling $2,892.19, pursuant to Neb. Rev. Stat. § 25-1710 (Reissue 1995). Section 25-1710 states that costs shall be allowed to a defendant upon a judgment in its favor in actions for the recovery of money. On December 23, the trial court entered judgment on the jury verdict. On January 6, 2003, J & H Swine filed its notice of appeal. On March 24, the trial court entered an amended judgment ordering again that judgment was entered on the jury verdict in favor of Hartington Concrete and against J & H Swine and further ordering that Hartington Concrete's motion for costs was sustained in part and that judgment on the motion was entered for the total amount of $2,558.12.

## ASSIGNMENTS OF ERROR

J & H Swine assigns that the trial court erred in giving jury instructions Nos. 2, 11, and 12, because they were not warranted by the evidence.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Olson v. Palagi*, 266 Neb. 377, 665 N.W.2d 582 (2003); *Waite v. City of Omaha*, 263 Neb. 589, 641 N.W.2d 351 (2002).

## ANALYSIS

 We first turn to the question of whether we lack appellate jurisdiction. Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case. *In re Guardianship & Conservatorship of Woltemath*, 268 Neb. 33, 680 N.W.2d 142 (2004); *Pennfield Oil Co. v. Winstrom*, 267 Neb. 288, 673 N.W.2d 558 (2004). In the absence of a judgment or order finally disposing of a case, an appellate court is without jurisdiction to act and must dismiss the purported appeal. *In re Application of SID No. 384*, 256 Neb. 299, 589 N.W.2d 542 (1999); *Gordon v. Community First State Bank*, 255 Neb. 637, 587 N.W.2d 343 (1998). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *In re Application of SID No. 384, supra; State ex rel. Fick v. Miller*, 252 Neb. 164, 560 N.W.2d 793 (1997).

In the instant case, the jury rendered its verdict in favor of Hartington Concrete on December 5, 2002, and Hartington Concrete filed its motion for costs on December 19. On December 23, the trial court entered judgment on the jury verdict but did not rule on the motion for costs. On January 6, 2003, J & H Swine filed its notice of appeal, while the motion for costs was pending. On March 24, the trial court entered the amended judgment ordering again that judgment was entered on the jury verdict and further ordering that judgment was entered on Hartington Concrete's motion for costs. J & H Swine did not appeal from the March 24 amended judgment.

 J & H Swine argues that we have jurisdiction because its notice of appeal filed on January 6, 2003, should be treated as having been filed on March 24. J & H Swine relies on Neb. Rev. Stat. § 25-1912(2) (Cum. Supp. 2002), which provides that

> [a] notice of appeal or docket fee filed or deposited after the announcement of a decision or final order but before the entry of the judgment, decree, or final order shall be treated as filed or deposited after the entry of the judgment, decree, or final order and on the date of entry.

The plain language of § 25-1912(2) provides for the relation forward of a notice of appeal or docket fee only when filed or deposited "after the announcement of a decision or final order," but before "entry of the judgment" pursuant to Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2002). *In re Guardianship & Conservatorship of Woltemath, supra.* Section 25-1912(2) was not intended to validate anticipatory notices of appeal filed prior to the announcement of a final judgment. *In re Guardianship & Conservatorship of Woltemath, supra.* In *In re Guardianship & Conservatorship of Woltemath,* the Nebraska Supreme Court recently held that § 25-1912(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a lower court announces a decision that would be appealable if immediately followed by the entry of judgment. Based on that holding, we conclude that the trial court's December 23, 2002, judgment, from which J & H Swine appealed, did not announce a "decision or final order" within the meaning of § 25-1912(2). The notice of appeal was filed before the issue of costs was finally determined and cannot relate forward. Thus, J & H Swine's argument is without merit.

As just stated, J & H Swine filed its notice of appeal after the trial court entered judgment on the jury verdict, but before the trial court ruled on Hartington Concrete's motion for costs. An award of costs in a judgment is considered a part of the judgment. *Salkin v. Jacobsen,* 263 Neb. 521, 641 N.W.2d 356 (2002); *In re Application of SID No. 384,* 256 Neb. 299, 589 N.W.2d 542 (1999). The Nebraska Supreme Court first made this determination clear in *Muff v. Mahloch Farms Co., Inc.,* 186 Neb. 151, 181 N.W.2d 258 (1970), where the issue on appeal was whether an award of costs could be retaxed by the district court after appeal. The appellant claimed that costs taxed in the district court were part of the judgment of that court and that after the term in which the judgment was entered, they could not be vacated or modified except in the manner authorized by statute. In deciding the issue, the Nebraska Supreme Court overruled any contradictory case law and made it clear that an award of costs was to be considered part of a judgment.

In *Salkin v. Jacobsen, supra,* the Nebraska Supreme Court noted that a party seeking statutorily authorized attorney fees, for

services rendered in a trial court, must make a request for such fees prior to a judgment in the cause. It held that this is so because a statutory award of attorney fees, if deemed appropriate, may be made a part of the judgment or final order. See *id.* The Supreme Court further held that when a motion for attorney fees is made prior to the judgment, the judgment will not become final and appealable until the court has ruled upon that motion. *Id.* (citing *Billingsley v. BFM Liquor Mgmt.*, 259 Neb. 992, 613 N.W.2d 478 (2000), and *In re Application of SID No. 384, supra*). Although *Salkin* involved attorney fees, it is persuasive authority in the present case in that our case law generally treats attorney fees, where recoverable, as an element of court costs. See, *Olson v. Palagi*, 266 Neb. 377, 665 N.W.2d 582 (2003); *Salkin v. Jacobsen, supra.* See, also, *Brodersen v. Traders Ins. Co.*, 246 Neb. 688, 523 N.W.2d 24 (1994) (attorney fees are costs awarded to prevailing parties).

In the case at bar, Hartington Concrete filed its motion for costs prior to the trial court's entering judgment on the verdict, and its motion had not been ruled upon at the time J & H Swine filed its notice of appeal. Once Hartington Concrete filed the motion in question, it placed at issue an award of costs. The failure of the trial court to rule on Hartington Concrete's motion for costs in its December 23, 2002, judgment left a portion of the judgment unresolved, and consequently, the order from which J & H Swine appealed was not final. Because the order from which J & H Swine appealed was not final and appealable, we dismiss the present appeal for lack of jurisdiction. See *In re Guardianship & Conservatorship of Woltemath*, 268 Neb. 33, 680 N.W.2d 142 (2004) (when appellate court is without jurisdiction to act, appeal must be dismissed).

We further note that J & H Swine's notice of appeal did not deprive the trial court of jurisdiction to enter a final judgment. J & H Swine's notice of appeal was a notice of appeal from a nonappealable order. A notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal by the appellate court. *Id.*; *Nebraska Nutrients v. Shepherd*, 261 Neb. 723, 626 N.W.2d 472 (2001).

Thus, when the trial court entered its amended judgment on March 24, 2003, it entered a final order from which J & H Swine could appeal. However, J & H Swine failed to do so.

## CONCLUSION

The judgment from which J & H Swine appealed was not final and appealable, and thus, we lack appellate jurisdiction and the appeal must be dismissed.

APPEAL DISMISSED.