755 N.W.2d 415 (2008)
16 Neb. App. 866
Aaron M. FERER, appellant and cross-appellee,
v.
AARON FERER & SONS CO., a Nebraska corporation, et al., appellees and cross-appellants.
No. A-07-773.
Court of Appeals of Nebraska.
July 29, 2008.
*417 David A. Domina, Omaha and Nicole A. Parks, of Domina Law Group, P.C., L.L.O., for appellant.
Steven E. Achelpohl, Omaha, for appellee Aaron Ferer & Sons Co.
Michael A. Nelsen, of Hillman, Forman, Nelsen, Childers & McCormack, for appellees Matthew D. Ferer and Whitney H. Ferer.
Michael F. Kinney and Daniel J. Epstein, of Cassem, Tierney, Adams, Gotch & Douglas, Omaha, for appellees Erickson & Sederstrom, P.C., and Charles V. Sederstrom, Jr.
INBODY, Chief Judge, and SIEVERS and CARLSON, Judges.
CARLSON, Judge.

INTRODUCTION
Pursuant to this court's authority under Neb. Ct. R.App. P. § 2-111(B)(1), this case was ordered submitted without oral argument. Aaron M. Ferer (Ferer) appeals from an order of the district court for Douglas County finding that the statute of limitations bars his claims and dismissing his causes of action. For the reasons set forth below, we determine that we lack jurisdiction over Ferer's action because he did not file a timely notice of appeal, and therefore, we dismiss his causes of action.

BACKGROUND
In Ferer's first amended complaint, filed June 11, 2004, the following defendants were named: Aaron Ferer & Sons Co.; Erickson & Sederstrom, P.C.; Charles V. Sederstrom, Jr.; Matthew D. Ferer, personally and as the parent and natural guardian of Emma Ferer; Whitney H. Ferer, personally and as the parent and natural guardian of Nicholas R. Ferer and Hannah C. Ferer; and Allyson L. Ferer, personally and as the parent and natural guardian of Claire A. Dubin and Samuel L. Dubin. Ferer's complaint arises out of his late father's gift of company stock to two of Ferer's brothers, Whitney and Matthew, and includes causes of action for declaratory judgment, constructive fraud, breach of fiduciary duty, wrongful registration, and unjust enrichment.
On October 3, 2006, the trial court granted a motion for summary judgment which had been filed by Aaron Ferer & Sons Co., Whitney, and Matthew, stating that the statute of limitations barred Ferer's claims against these parties. The court dismissed Aaron Ferer & Sons Co., Whitney, and Matthew from the law-suit, but did not state whether Matthew and Whitney were being dismissed only in their individual capacities or also in their capacities as parents of their children.
In an order filed on October 30, 2006, the trial court granted a summary judgment motion filed by Sederstrom and Erickson & Sederstrom. The court noted that Ferer's claims against these parties were also barred by the statute of limitations *418 and dismissed these two additional parties from the lawsuit.
On June 28, 2007, the trial court dismissed the action as to Allyson, but only in her capacity as parent and guardian of Claire and Samuel. Ferer appealed to this court on July 13.
In an order to show cause dated August 29, 2007, we noted that Ferer's action was dismissed as to all the parties, except that it appeared that the action remained pending as to Matthew and Whitney in their representative capacities and as to Allyson in her individual capacity. We also stated that if Ferer's action had not been fully dismissed as to all parties, the order was not final and appealable under Neb.Rev. Stat. § 25-1315 (Cum. Supp. 2006). Therefore, we issued the order, "[P]laintiff/appellant [Ferer] is directed to show that all parties have been `fully dismissed' within 15 days of the date of this Order; and failing same, this appeal will be dismissed pursuant to [Neb. Ct. R. of Prac.] 7A(2) [(rev.2001)]" (now codified as Neb. Ct. R.App. P. § 2-107(A)(2)).
In an order filed September 18, 2007, the trial court noted, "The prior Orders of this Court were intended to have dismissed all Defendants in their individual and representative capacities. As such, all Defendants are so dismissed as set forth in this Court's prior orders." Ferer did not file a new notice of appeal subsequently to this order.

ASSIGNMENTS OF ERROR
On appeal, Ferer argues that the trial court erred in finding that the statute of limitations bars his lawsuit and in granting the defendants' motions for summary judgment and dismissing his lawsuit against them.

ANALYSIS
[1, 2] It is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. See Goodman v. City of Omaha, 274 Neb. 539, 742 N.W.2d 26 (2007). An appellate court acquires no jurisdiction unless the appellant has satisfied the requirements for appellate jurisdiction. Id.
In the defendants' cross-appeal, they argue that we lack jurisdiction over this appeal since not all of the parties were dismissed in each of their capacities at the time Ferer filed his first appeal and because after the trial court dismissed all of the parties on September 18, 2007, Ferer failed to file a new notice of appeal. Ferer cites Neb.Rev.Stat. § 25-1912 (Cum. Supp. 2006) in support of his position that his July 13 appeal was timely because it relates forward. The relevant portion of § 25-1912(2) states:
A notice of appeal or docket fee filed or deposited after the announcement of a decision or final order but before the entry of the judgment, decree, or final order shall be treated as filed or deposited after the entry of the judgment, decree, or final order and on the date of entry.
Therefore, the plain language of § 25-1912(2) provides for the relation forward of a notice of appeal or docket fee only when filed or deposited "after the announcement of a decision or final order," but before "entry of the judgment" pursuant to Neb. Rev.Stat. § 25-1301 (Cum. Supp. 2006). J & H Swine v. Hartington Concrete, 12 Neb.App. 885, 687 N.W.2d 9 (2004). Accord In re Guardianship & Conservatorship of Woltemath, 268 Neb. 33, 680 N.W.2d 142 (2004). Section 25-1912(2) was not intended to validate anticipatory notices of appeal filed prior to the announcement of a final judgment. In re *419 Guardianship & Conservatorship of Woltemath, supra; J & H Swine, supra.
[3, 4] In In re Guardianship & Conservatorship of Woltemath, the Nebraska Supreme Court held that § 25-1912(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a lower court announces a decision that would be appealable if immediately followed by the entry of judgment. In the instant case, we conclude that the trial court's July 13, 2007, dismissal, from which Ferer appealed, did not announce a "judgment, decree, or final order" within the meaning of § 25-1912(2) because it did not dispose of all of the claims against all of the parties in each of their capacities. Therefore, Ferer's notice of appeal was filed prematurely and cannot relate forward pursuant to § 25-1912(2).
Ferer also argues that his appeal was timely because the trial court, in its September 18, 2007, order, stated that its prior orders were "intended to have dismissed all Defendants in their individual and representative capacities." We note though that what the trial court intended is not something we can consider. Rather, we are restricted to looking within the four corners of the trial court's previous orders to determine whether all of the defendants were dismissed in their individual and representative capacities.
[5, 6] The content of a document, rather than the intention of the judge or any interpretation of a party, dictates whether the document constitutes "`the final determination of the rights of the parties.'" Peterson v. Peterson, 14 Neb.App. 778, 785, 714 N.W.2d 793, 799 (2006), disapproved on other grounds, Wagner v. Wagner, 275 Neb. 693, 749 N.W.2d 137 (2008). See § 25-1301(1). In Neujahr v. Neujahr, 223 Neb. 722, 393 N.W.2d 47 (1986), the Nebraska Supreme Court held that in interpreting a decree of dissolution, neither what the parties thought the judge meant nor what the judge thought he or she meant was of any relevance and that what a document means as a matter of law is determined from the four corners of the document.
[7] In the instant case, our review of the record shows that the trial court dismissed Allyson only in her representative capacity, not her individual capacity, and that although the trial court dismissed Matthew and Whitney, it is unclear whether the trial court dismissed Matthew and Whitney only in their individual capacities or also in their capacities as parents of their children.
[8, 9] Therefore, because the orders from which Ferer appealed did not dismiss all of the parties in each of their capacities, the trial court's orders were not final and appealable until the trial court dismissed each party in all capacities on September 18, 2007. Ferer failed to appeal from the September 18 order. Therefore, we lack jurisdiction over his appeal and must dismiss it. See In re Guardianship & Conservatorship of Woltemath, 268 Neb. 33, 680 N.W.2d 142 (2004) (when appellate court is without jurisdiction to act, appeal must be dismissed). To avoid this result, we suggest that trial judges include, at the end of any entry intended to be a final order, a phrase to the effect that "any request for relief by any party not specifically granted by this order is denied."

CONCLUSION
After reviewing the record, we conclude that we lack jurisdiction over Ferer's appeal because he did not file a timely appeal, and therefore, we dismiss his appeal.
APPEAL DISMISSED.