Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/22/2017 08:11 PM CST

- 788 -

Nebraska Supreme Court Advance Sheets
297 Nebraska Reports
LINDSAY INTERNAT. SALES & SERV. v. WEGENER
Cite as 297 Neb. 788

Lindsay International Sales & Service,
LLC, appellee, v. Michael J. Wegener,
an individual, and Jerome Pribil,
an individual, appellants.

___ N.W.2d ___

Filed September 15, 2017.    No. S-16-1051.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.
2. **Statutes.** Statutory interpretation is a question of law.
3. **Judgments: Appeal and Error.** An appellate court reviews questions of law independently of the lower court's conclusion.
4. **Jurisdiction: Time: Notice: Appeal and Error.** In order to vest an appellate court with jurisdiction, a party must file a notice of appeal within 30 days of the judgment, decree, or final order from which the party is appealing.
5. **Motions for New Trial: Time: Notice: Appeal and Error.** A timely motion for new trial terminates the running of the time for filing a notice of appeal, giving the party 30 days from the entry of the order denying the motion to file a notice of appeal.
6. **Statutes: New Trial.** The plain language of the savings clause in Neb. Rev. Stat. § 25-1144.01 (Reissue 2016) does not contain a finality requirement.

Petition for further review from the Court of Appeals, Moore, Chief Judge, and Inbody and Pirtle, Judges, on appeal thereto from the District Court for Platte County, Robert R. Steinke, Judge. Judgment of Court of Appeals reversed, and cause remanded for further proceedings.

Stephen L. Ahl and Krista M. Carlson, of Wolfe, Snowden, Hurd, Luers & Ahl, L.L.P., and Barry D. Geweke, of Stowell & Geweke, P.C., L.L.O., for appellants.

John M. Lingelbach, of Koley Jessen, P.C., L.L.O., for appellee.

Heavican, C.J., Wright, Cassel, Stacy, Kelch, and Funke, JJ.

Stacy, J.

The Nebraska Court of Appeals dismissed this appeal, finding it was not timely filed. On further review, we apply the savings clause of Neb. Rev. Stat. § 25-1144.01 (Reissue 2016) and conclude the notice of appeal was timely filed. We therefore reinstate the appeal and remand the matter to the Court of Appeals for further proceedings.

## FACTS

### Proceedings in District Court

Lindsay International Sales & Service, LLC (Lindsay), sued Jerome Pribil and Michael J. Wegener to collect amounts due on a guaranty. The case was tried to a jury, and on July 21, 2016, the jury returned a verdict in favor of Lindsay for $1,019,795.38. The court accepted the jury's verdict on the record and discharged the jurors. The verdict forms were filed with the clerk the same day, but judgment on the verdict was not entered until 5 days later.

Four days after the jury returned its verdict, Lindsay filed a motion for costs. On the same day, Pribil and Wegener filed a motion for new trial. Both motions were efiled on July 25, 2016; the time stamp on the motion for costs shows it was accepted for filing approximately 2 hours before the motion for new trial.

The next day, on July 26, 2016, the court entered judgment on the jury's verdict. The judgment specifically noted, "The

- 790 -

Nebraska Supreme Court Advance Sheets
297 Nebraska Reports
LINDSAY INTERNAT. SALES & SERV. v. WEGENER
Cite as 297 Neb. 788

assessment of court costs, which is the subject of a separate motion filed by [Lindsay] and scheduled for hearing to be conducted on August 5, 2016, will be addressed by separate order of the Court." The judgment did not mention the motion for new trial, but in a separate order, the court set a hearing date of September 12 for the motion for new trial.

On August 8, 2016, the court entered an order awarding Lindsay costs of $3,457.20. On October 14, the court entered an order overruling the motion for new trial. On November 9, Pribil and Wegener filed a notice of appeal. For easy reference, the following timeline summarizes the critical dates:

• July 21: Jury returns verdict; court accepts verdict.
• July 25: Lindsay files a motion for costs.
• July 25: Pribil and Wegener file a motion for new trial.
• July 26: Court enters judgment on the jury verdict.
• August 8: Court grants Lindsay's motion for costs.
• September 12: Hearing held on motion for new trial.
• October 14: Court overrules motion for new trial.
• November 9: Pribil and Wegener file notice of appeal.

## Proceedings in Court of Appeals

After ordering the parties to show cause, the Court of Appeals dismissed the appeal without opinion, finding it lacked appellate jurisdiction. The court reasoned:

> The motion for new trial filed on July 25, 2016 was filed before the final order entered on August 8, 2016. See *J & H Swine v. Hartington Concrete*, 12 Neb[.] App. 885, 687 N.W.2d 9 (2004). A premature motion for new trial is a nullity and, thus, the November 9, 2016 notice of appeal was untimely. See *Despain v. Despain*, 290 Neb. 32, 858 N.W.2d 566 [(2015)] (citing *Macke v. Pierce*, 263 Neb. 868, 643 N.W.2d 673 (2002)).

Pribil and Wegener filed a timely motion for rehearing, arguing the motion for new trial was effective, and not a nullity, under the plain language of § 25-1144.01. That statute

- 791 -

Nebraska Supreme Court Advance Sheets
297 Nebraska Reports
LINDSAY INTERNAT. SALES & SERV. v. WEGENER
Cite as 297 Neb. 788

provides, in relevant part, that "[a] motion for a new trial filed after the announcement of a verdict or decision but before the entry of judgment shall be treated as filed after the entry of judgment and on the day thereof." A divided panel of the Court of Appeals denied rehearing, reasoning that the motion for new trial had been filed "prior to the district court's ruling on costs, i.e., before the announcement of a final judgment," so the motion was a nullity. We granted Pribil and Wegener's petition for further review.

ASSIGNMENTS OF ERROR

On further review, Pribil and Wegener assign, restated and consolidated, that the Court of Appeals erred in (1) dismissing their appeal as untimely, (2) concluding their motion for new trial was a nullity, and (3) misapplying the second sentence, or savings clause, of § 25-1144.01.

STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[1]

[2] Statutory interpretation is a question of law.[2]

[3] An appellate court reviews questions of law independently of the lower court's conclusion.[3]

ANALYSIS

[4,5] In order to vest an appellate court with jurisdiction, a party must file a notice of appeal within 30 days of the judgment, decree, or final order from which the party is

---

[1] *Holdsworth v. Greenwood Farmers Co-op*, 286 Neb. 49, 835 N.W.2d 30 (2013); *In re Adoption of Amea R.*, 282 Neb. 751, 807 N.W.2d 736 (2011).

[2] *First Nat. Bank of Omaha v. Davey*, 285 Neb. 835, 830 N.W.2d 63 (2013); *Professional Firefighters Assn. v. City of Omaha*, 282 Neb. 200, 803 N.W.2d 17 (2011).

[3] *Maclovi-Sierra v. City of Omaha*, 290 Neb. 443, 860 N.W.2d 763 (2015); *VKGS v. Planet Bingo*, 285 Neb. 599, 828 N.W.2d 168 (2013).

- 792 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
297 NEBRASKA REPORTS
LINDSAY INTERNAT. SALES & SERV. v. WEGENER
Cite as 297 Neb. 788

appealing.[4] But under § 25-1912(3)(a), a timely motion for new trial under § 25-1144.01 will terminate the running of the time for filing a notice of appeal, giving the party 30 days from the entry of the order denying the motion to file a notice of appeal.[5]

Here, the timeliness of the notice of appeal filed by Pribil and Wegner depends on whether their motion for new trial was an effective terminating motion, or instead was a nullity. The Court of Appeals concluded the motion was a nullity, because it was filed before the announcement of a final order. Pribil and Wegner argue that the court did not properly apply § 25-1144.01, which provides:

> A motion for a new trial shall be filed no later than ten days after the entry of the judgment. A motion for a new trial filed after the announcement of a verdict or decision but before the entry of judgment shall be treated as filed after the entry of judgment and on the day thereof.

The second sentence of § 25-1144.01 has been referred to as a "savings clause"[6] and was added to the statute in 2004. Before discussing the application of the savings clause to the present appeal, we provide some historical perspective.

### History of § 25-1144.01

In *Macke v. Pierce*,[7] decided in 2002, we interpreted an earlier version of § 25-1144.01. The version in effect at that time provided that a motion for new trial had to be filed "no later

[4] Neb. Rev. Stat. § 25-1912(1) (Reissue 2016). See *Despain v. Despain*, 290 Neb. 32, 858 N.W.2d 566 (2015).

[5] See § 24-1144.01.

[6] *Despain v. Despain, supra* note 4, 290 Neb. at 43, 858 N.W.2d at 574 (Cassel, J., concurring).

[7] *Macke v. Pierce*, 263 Neb. 868, 643 N.W.2d 673 (2002) (superseded by statute as stated in *Despain v. Despain, supra* note 4).

- 793 -

Nebraska Supreme Court Advance Sheets
297 Nebraska Reports
LINDSAY INTERNAT. SALES & SERV. v. WEGENER
Cite as 297 Neb. 788

than ten days after the entry of judgment."[8] *Macke* held that a motion for new trial filed before the entry of a judgment was a nullity, as was the trial court's ruling on such a motion for new trial, and that such a motion for new trial did not terminate the time for taking an appeal.

In 2004, presumably in response to our decision in *Macke*, the Legislature added the second sentence, or savings clause, to § 25-1144.01. We addressed the effect of this statutory change in *Despain v. Despain*.[9] In that dissolution action, the husband filed a motion for new trial after the court distributed an unsigned journal entry reciting its substantive decision, but before the court filed the signed dissolution decree. A few days later, the court filed a signed decree. The court ultimately overruled the motion for new trial, and the husband filed an appeal within 30 days of the order overruling his motion for new trial. The wife asserted the appeal should be dismissed as untimely, arguing the motion for new trial was a nullity and did not terminate the time for filing an appeal because the motion had been filed before the signed decree was entered.

We rejected this argument in light of the new savings clause language in § 25-1144.01. We noted that "under the 2004 amendment, a motion for new trial filed after the announcement of the decision but before the entry of the judgment is no longer a nullity."[10] We implicitly held that the unsigned journal entry provided to counsel was the requisite "'announcement of a verdict or decision'" under § 25-1144.01, and we reasoned that because the motion for new trial was filed after the announcement of the court's decision but before the court entered judgment by filing the signed decree, it was an effective terminating motion under

---

[8] See § 25-1144.01 (Cum. Supp. 2000).

[9] *Despain v. Despain, supra* note 4.

[10] *Id*. at 39, 858 N.W.2d at 572.

- 794 -

Nebraska Supreme Court Advance Sheets
297 Nebraska Reports
LINDSAY INTERNAT. SALES & SERV. v. WEGENER
Cite as 297 Neb. 788

the plain language of the savings clause in § 25-1144.01.[11] Consequently, we found the notice of appeal was timely, because it was filed within 30 days after the motion for new trial was overruled.

## Application of § 25-1144.01 to Present Case

Pribil and Wegener contend that the savings clause of § 25-1144.01 rendered their motion for new trial effective and timely. They argue their motion was "filed after the announcement of a verdict or decision but before the entry of judgment" and thus must be "treated as filed after the entry of judgment and on the day thereof."[12] At oral argument, Lindsay agreed with this argument. We do too.

The motion for new trial was filed after the court announced the jury's verdict, but before the entry of judgment. As such, the plain language of § 25-1144.01 requires that the motion be treated as filed "after the entry of judgment and on the day thereof," making it a timely and effective terminating motion.[13]

The Court of Appeals' reasoning in its order denying the motion for rehearing suggests it was concerned by the fact that Lindsay filed a motion for costs just before the motion for new trial was filed. Relying on its decision in *J & H Swine v. Hartington Concrete*,[14] the Court of Appeals reasoned, "Because the appellants filed their motion for new trial prior to the district court's ruling on costs, i.e., *before the announcement of a final judgment*, the filing of their motion for a new trial was ineffective." (Emphasis supplied.) But the reasoning of *J & H Swine* is not applicable here.

---

[11] *Id*. at 38, 858 N.W.2d at 571.

[12] See, § 25-1144.01 (Reissue 2016); *Despain v. Despain, supra* note 4.

[13] *Id.*

[14] *J & H Swine v. Hartington Concrete*, 12 Neb. App. 885, 687 N.W.2d 9 (2004).

- 795 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
297 NEBRASKA REPORTS
LINDSAY INTERNAT. SALES & SERV. v. WEGENER
Cite as 297 Neb. 788

*J & H Swine* was based on this court's opinion in *In re Guardianship & Conservatorship of Woltemath*,[15] but neither *J & H Swine* nor *In re Guardianship & Conservatorship of Woltemath* addressed the savings clause under § 25-1144.01. Instead, both cases addressed the savings clause in § 25-1912(2), a statute that governs notices of appeal.

The savings clause in § 25-1912(2) is similar to the savings clause in § 25-1144.01, with one important distinction: § 25-1912(2) expressly references "final" orders:

> A notice of appeal or docket fee filed or deposited after the *announcement of a decision or final order* but before the entry of the judgment, decree, or final order shall be treated as filed or deposited after the entry of the judgment, decree, or final order and on the date of entry.

(Emphasis supplied.)

*In re Guardianship & Conservatorship of Woltemath* focused on the plain language of § 25-1912(2) and held that an "'announcement of a decision or final order'" under § 25-1912(2) must be of "a decision or final order that would have been appealable if followed immediately by the entry of judgment."[16] In other words, to trigger the savings clause for premature notices of appeal under § 25-1912(2), an announcement must pertain to a decision or order that, once entered, would be final and appealable.

The Court of Appeals appears to have applied this same reasoning to motions for new trial under § 25-1144.01, and concluded that because the motion for new trial was filed before the district court's decision on the motion for costs, it was not filed after the requisite "announcement of a

---

[15] *In re Guardianship & Conservatorship of Woltemath*, 268 Neb. 33, 680 N.W.2d 142 (2004).

[16] *In re Guardianship & Conservatorship of Woltemath, supra* note 15, 268 Neb. at 40, 680 N.W.2d at 148, citing *FirsTier Mtge. Co. v. Investors Mtge. Ins. Co.*, 498 U.S. 269, 111 S. Ct. 648, 112 L. Ed. 2d 743 (1991).

verdict or decision."[17] But reading a finality requirement into § 25-1144.01 is inconsistent with the plain language of the statute. Appellate courts give statutory language its plain and ordinary meaning and will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[18] An appellate court will not read into a statute a meaning that is not there.[19]

The plain and unambiguous language of § 25-1144.01, unlike § 25-1912(2), contains no requirement that the "announcement" be of a *final* "verdict or decision."[20] And the instant case illustrates the practical difficulty of reading a finality requirement into the savings clause under § 25-1144.01.

Here, Pribil and Wegener filed their motion for new trial after the jury's verdict was announced on the record. From their perspective, the substantive decision on those proceedings had been made, so they filed their motion for new trial even though the court had not yet entered judgment on that verdict. This appears to be precisely the circumstance the Legislature intended to address by adding the savings clause to § 25-1144.01 in 2004. The filing of a motion for costs after the announcement of the verdict but before the motion for new trial was filed does not change the analysis under § 25-1144.01.

[6] The plain language of the savings clause in § 25-1144.01 does not contain a finality requirement. Section 25-1144.01 merely requires an "announcement of a verdict or decision." Here, the motion for new trial was filed after the announcement of the jury's verdict and before the entry of judgment.

---

[17] See § 25-1144.01.

[18] *Schuyler Apt. Partners v. Colfax Cty. Bd. of Equal.*, 279 Neb. 989, 783 N.W.2d 587 (2010); *State ex rel. Amanda M. v. Justin T.*, 279 Neb. 273, 777 N.W.2d 565 (2010).

[19] *DMK Biodiesel v. McCoy*, 290 Neb. 286, 859 N.W.2d 867 (2015); *Flores v. Flores-Guerrero*, 290 Neb. 248, 859 N.W.2d 578 (2015).

[20] See § 25-1144.01.

As such, it fell within the savings clause under § 25-1144.01, and must be treated as having been filed immediately after the judgment was entered on the jury's verdict. The motion for new trial was an effective filing and was not a nullity.

Because a proper and timely motion for new trial terminates the running of time for filing a notice of appeal,[21] the appeal time did not start to run until the motion for new trial was ruled upon on October 14, 2016. Pribil and Wegener filed their notice of appeal within 30 days of that date, and their appeal should not have been dismissed as untimely.

## CONCLUSION

For the foregoing reasons, we reinstate the appeal and remand the cause to the Court of Appeals for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

MILLER-LERMAN, J., not participating.

---

[21] See *Despain v. Despain, supra* note 4.