IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

FARAH V. SPENCE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

MOHAMED FARAH, A MINOR CHILD, BY AND THROUGH FARDOWSO ABDI, MOTHER
AND GUARDIAN, AND HABANE F. MOHAMED, FATHER, APPELLANTS,

V.

MICHELLE L. SPENCE, APPELLEE.

Filed April 4, 2023.   No. A-22-474.

Appeal from the District Court for Hall County: ANDREW C. BUTLER, Judge. Affirmed.

Mark Porto, of Wolf, McDermott, Depue, Sabott, Butz & Porto, L.L.C., for appellants.

Elizabeth J. Klingelhoefer and Lucas J. Elsbernd, of Jacobsen, Orr, Lindstrom & Holbrook, P.C., L.L.O., for appellee.

RIEDMANN, BISHOP, and ARTERBURN, Judges.

RIEDMANN, Judge.

INTRODUCTION

Fardowso Abdi, on behalf of her son Mohamed Farah, and Habane F. Mohamed, his father, appeal the Hall County District Court's determination to overrule their motion for directed verdict. The parents argue that the district court should have granted their motion for directed verdict, which would have prevented the jury from ultimately ruling against them and in favor of Michelle L. Spence. After reviewing the record and evidence from trial, we affirm.

BACKGROUND

On March 19, 2020, Mohamed, who was 4 years old at the time, arrived at the Grand Island Clinic (Clinic) with Abdi and his three siblings. In the Clinic parking lot, as Abdi was getting the rest of the children out of the car, Mohamed walked away and into the drive directly in front of the

- 1 -

Clinic's entrance. Spence was driving in the parking lot in a standard pickup truck with her niece, Sharina Snyder, two children, and two refrigerators strapped down in the bed of the truck. Spence drove down the drive, trying to find a way out of the parking lot, but as she drove, she hit Mohamed and caused serious injuries.

On October 29, 2020, Mohamed's parents filed suit against Spence alleging that the accident was directly and proximately caused by Spence's negligence. They alleged Spence was negligent by driving at an excessive rate of speed in light of the weather conditions and nature of the Clinic's parking lot, and that Spence failed to maintain a proper lookout. Spence admitted the accident occurred but denied the allegations of negligence.

Mohamed's parents alleged that he suffered severe injuries from the accident. Both of his femurs were broken, and he experienced severe skin damage. His injuries required multiple surgeries, skin grafts, and physical therapy. The parties stipulated that Mohamed was involved in a motor vehicle and pedestrian accident, and that the accident resulted in $173,255.16 in fair and reasonable medical charges.

At trial, many of the circumstances surrounding the accident were disputed, including the weather, the speed of Spence's vehicle, whether Spence saw Abdi or Mohamed before the accident, where the accident occurred, and whether Mohamed darted out in front of Spence's vehicle. Spence, Snyder, Abdi, and Russell Bolling, who was working at the entrance of the Clinic the day of the accident, all testified to their observations at the scene.

At the conclusion of the evidence, Spence moved for a directed verdict. She argued that reasonable minds could not differ in finding that her speed at the time of the accident was not excessive under the circumstances and she was maintaining a proper lookout. She also argued a reasonable juror could not find the accident was proximately caused by her, because Mohamed darted out in front of the vehicle, making it unavoidable.

Mohamed's parents also moved for a directed verdict. They argued that as a matter of law, Spence was negligent because a driver of an automobile is obligated to keep a lookout to avoid striking any object that is plainly visible in front of them, and the driver must take the size of their vehicle into consideration in effectuating what a proper lookout may be. They further argued since it was possible to identify Abdi in the parking lot as Abdi unloaded her children, and Spence was looking for an exit instead of "looking for people," she was negligent as a matter of law because a reasonably careful driver would have been more cautious.

The district court overruled both motions for directed verdict, and explained it was clear that reasonable people could differ on the issues raised. The district court also noted that a jury could find for either party and there remained unresolved questions of fact. The parents did not present further evidence and the matter was submitted to the jury which returned verdicts in favor of Spence.

On May 26, 2022, the court entered judgment on the verdicts. On June 1, Spence filed a motion for costs and a motion to alter or amend the judgment, which requested only that the court amend its judgment to include costs in the amount of $5,062.70. The parties stipulated to Spence's motions and the district court entered an order awarding the costs requested. Thereafter, on June 24, the parents filed a notice of appeal stating that they were appealing "the verdict and Journal Entry filed on May 26, 2022."

## ASSIGNMENT OF ERROR

The parents assign one error: the district court erred in overruling their motion for a directed verdict.

## STANDARD OF REVIEW

A directed verdict is proper only when reasonable minds cannot differ and can draw but one conclusion from the evidence, that is, when an issue should be decided as a matter of law. *In re Estate of Koetter*, 312 Neb. 549, 980 N.W.2d 376 (2022). In reviewing that determination, an appellate court gives the nonmoving party the benefit of every controverted fact and all reasonable inferences from the evidence. *Id.*

## ANALYSIS

*Jurisdiction.*

As a preliminary issue, Spence contends that this court does not have jurisdiction because the parents failed to file a timely appeal from a final, appealable order. Spence explains that because they cited the May 26, 2022, order in their notice of appeal, instead of the amended order that awarded costs, this court does not have jurisdiction because costs are considered a part of judgment.

Under Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 2020), the only requirements for a notice of appeal are that it is signed by the party or their attorney of record and that it is filed in the district court within 30 days after the entry of a final order. An appellate court will have jurisdiction of the cause when such notice of appeal is filed and docket fee deposited. § 25-1912(4).

Spence relies on *J & H Swine v. Hartington Concrete*, 12 Neb. App. 885, 687 N.W.2d 9 (2004), to support her contention. However, in *J & H Swine* the notice of appeal was filed after the court entered a judgment on the jury's verdict, but before the court ruled on a subsequently filed motion for costs. This court held that because the issue of costs had yet to be determined and there was no announcement of a final order when the notice of appeal was filed, the order appealed from was not a final order. *Id.*

This case is distinguishable from *J & H Swine*, because the parents filed their notice of appeal after the issue of costs had been addressed. *J & H Swine* turned on the fact that the notice of appeal was filed before the district court ruled on the motion for costs; a situation we do not have here. Furthermore, there is no requirement that a party identify the order from which they are appealing; therefore, the filing of the notice of appeal within 30 days after the final order was entered was sufficient to perfect the parents' appeal regardless of their reference to the May 2022 order. Accordingly, this court has jurisdiction and Spence's argument is without merit.

*Motion for Directed Verdict.*

The parents claim the district court erred in denying their motion for a directed verdict. Their argument turns on whether reasonable minds could differ or draw only one conclusion from the evidence. If no reasonable minds could differ in determining Spence was negligent, as the parents contend, then the district court would have improvidently overruled their motion for directed verdict. Because reasonable minds could differ based on the evidence, the district court did not err in overruling the parents' motion for directed verdict.

The parents essentially argue that Spence should have been able to see Mohamed enter the drive, and that if Spence would have been looking for people instead of an exit, or been more cautious of the possibility of a child entering the drive, she would have been able to stop before hitting him. They contend that Spence's failure to maintain a proper lookout constitutes negligence as a matter of law.

A driver's duty to keep a proper lookout means that the driver is legally and mandatorily obligated to keep such a lookout that they can see what is plainly visible before them and to operate their automobile to avoid a collision with an object in front of them. *Springer v. Bohling*, 263 Neb. 802, 643 N.W.2d 386 (2002). A motorist's failure to look, when looking would have been effective in avoiding a collision, is negligence as a matter of law. *Krul v. Harless*, 222 Neb. 313, 383 N.W.2d 744 (1986). However, when a situation is created so quickly that the motorist has no opportunity to avoid doing injury, there is no liability. See *McFarland v. King*, 216 Neb. 92, 341 N.W.2d 920 (1983).

In *McFarland v. King, supra*, the Nebraska Supreme Court affirmed summary judgment in favor of a motorist that struck a bicyclist because the accident transpired so quickly that the motorist had no opportunity to avoid the collision. The motorist was driving down a road that led to an intersection, followed by a private driveway. *Id*. A truck in the private drive obstructed the motorist's view of the bicyclist. *Id*. The bicyclist looped around the truck and into the street, where the collision occurred. *Id*. Despite the motorist traveling 20 miles per hour over the speed limit, the court held that speed did not contribute to the accident. *Id*. In affirming summary judgment in favor of the motorist, the Court held that the bicyclist's actions were the proximate cause of the accident, and the motorist had no opportunity to slow, stop, or turn aside to avoid the collision. *Id*.

In the present case, there was conflicting testimony regarding Spence's look out. In Spence's deposition, she stated that she was not looking for people, but rather a way out of the parking lot. She clarified her deposition testimony at trial by explaining she was still paying attention to the drive and her surroundings, she just never saw Abdi or Mohamed, until after the accident. Snyder supported Spence's testimony and recalled that Spence was travelling 2 to 3 miles per hour, kept her eyes on the road, and was paying attention. Abdi, however, testified that Spence was laughing and speeding through the parking lot when she hit Mohamed.

Since Spence is the non-moving party, we assume all controverted facts and reasonable inferences in her favor. *In re Estate of Koetter*, 312 Neb. 549, 980 N.W.2d 376 (2022). The testimony and evidence presented at trial do not conclusively establish that Spence was not watching the road. It also does not establish that Spence would have had enough time to stop if she had seen either Abdi or Mohamed prior to the accident. Akin to *McFarland v. King, supra*, there is evidence that suggests the accident was unavoidable, as Bolling testified that Mohamed "darted out" in front of the truck and Spence testified she never saw Abdi or Mohamed. Altogether, these conflicts in the testimony created factual questions for the jury to determine. See *Veskerna v. Erickson*, 254 Neb. 559, 577 N.W.2d 736 (1998) (holding motion for directed verdict properly overruled when sufficient contradictory evidence existed such that reasonable minds could draw various conclusions).

Here, reasonable minds could differ when determining if Spence was maintaining a proper outlook and if Spence would have been able to stop if she saw Mohamed when he entered the drive; therefore, the district court did not err in overruling the parents' motion for directed verdict.

## CONCLUSION

Because there were unresolved questions of facts at the close of Spence's evidence, the district court did not err in overruling the parents' motion for directed verdict.

AFFIRMED.