783 N.W.2d 587 (2010)
279 Neb. 989
SCHUYLER APARTMENT PARTNERS, LLC, appellant,
v.
COLFAX COUNTY BOARD OF EQUALIZATION, appellee.
Columbus Apartment Partners, LLC, appellant,
v.
Platte County Board of Equalization, appellee.
Nos. S-09-644, S-09-645.
Supreme Court of Nebraska.
June 11, 2010.
*588 Theodore R. Boecker, Omaha, of Boecker Law, P.C., L.L.O., for appellants.
Edmond E. Talbot III, Blair, of Talbot & Truhlsen Law Offices, L.L.P., for appellee Colfax County Board of Equalization.
Carl K. Hart, Jr., Deputy Platte County Attorney, for appellee Platte County Board of Equalization.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
HEAVICAN, C.J.

I. INTRODUCTION
In two separate proceedings, the Colfax County assessor and the Platte County assessor set the valuations for low-income housing owned by Schuyler Apartment Partners, LLC, and Columbus Apartment *589 Partners, LLC, respectively. In each case, the property owner protested the valuation. In the case of Schuyler Apartment Partners, the assessor's value was affirmed; in the case of Columbus Apartment Partners, the value was reduced but not to the level sought by the property owner. Those valuations were appealed to the Tax Equalization and Review Commission (TERC), which affirmed. The property owners, which are separate but related entities with the same managing member, now appeal to this court. We affirm.

II. FACTUAL BACKGROUND

1. SCHUYLER APARTMENT PARTNERS
Schuyler Apartment Partners owns a multifamily residential parcel located in Schuyler, Nebraska. This property includes four apartment buildings consisting of 24 rental units.
The Schuyler property is low-income housing organized under the Internal Revenue Code at I.R.C. § 42 (2006) and authorized by the federal low-income housing tax credit program (LIHTC). As such, the property is subject to limitations in the amount of rent that may be collected on each unit. In addition, units may only be rented to tenants who earn 60 percent or less of the area's median income. Tax credits are associated with the property and are granted as an incentive to developers to build low-income housing. In Nebraska, LIHTC credits are administered by the Nebraska Investment Finance Authority.
For the 2006 tax year, the Schuyler property was valued by the Colfax County assessor at $59,285 for the land and $893,560 for the improvements, for a total of $952,845. Schuyler Apartment Partners protested the assessor's valuation and instead suggested a valuation between $333,420 and $370,467. The Colfax County Board of Equalization rejected the protest and kept the valuation at the level set by the assessor. Schuyler Apartment Partners appealed to TERC. TERC affirmed.

2. COLUMBUS APARTMENT PARTNERS
A separate but related organization, Columbus Apartment Partners, also owns a multifamily residential parcel, this one located in Columbus, Nebraska. This property also includes 24 rental units which were constructed in 2002 and 2003. Like the Schuyler property, the Columbus property is low-income housing organized and restricted as detailed above.
For the 2006 tax year, the Columbus property was valued by the Platte County assessor at $44,000 for the land and $756,000 for the improvements, for a total of $800,000. Columbus Apartment Partners protested the assessor's valuation. In response, the Platte County Board of Equalization lowered the valuation of the improvements to $606,000 for a total valuation of $650,000. Columbus Apartment Partners appealed this reduced valuation to TERC. TERC affirmed.

III. ASSIGNMENTS OF ERROR
On appeal, Schuyler Apartment Partners assigns, restated and renumbered, that TERC erred in (1) failing to find that the valuation of the Colfax County Board of Equalization violated Neb.Rev.Stat. § 77-112 (Reissue 2009), (2) failing to find that Schuyler Apartment Partners' property had not been valued in accordance with Neb.Rev.Stat. § 77-1333 (Cum.Supp.2006), (3) relying on Town Sq. v. Clay Cty. Bd. of Equal.,[1] (4) substituting its own analysis for that of the board, and (5) failing to find that Schuyler Apartment Partners' property *590 was valued too high and thus affirming the board's decision.
Columbus Apartment Partners assigns, restated and renumbered, that TERC erred in (1) relying on Town Sq. v. Clay Cty. Bd. of Equal.[2] and (2) failing to find that Columbus Apartment Partners' property was valued too high and thus affirming the decision of the Platte County Board of Equalization.

IV. STANDARD OF REVIEW
Appellate courts review decisions rendered by TERC for errors appearing on the record.[3] When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[4] Questions of law arising during appellate review of TERC decisions are reviewed de novo on the record.[5]

V. ANALYSIS
On appeal, both Schuyler Apartment Partners and Columbus Apartment Partners argue generally that TERC erred in affirming the valuations set by the Colfax and Platte Counties' boards of equalization.

1. SCHUYLER APARTMENT PARTNERS

(a) Violations of §§ 77-112 and 77-1333
On appeal, Schuyler Apartment Partners assigns that TERC erred in not finding that the Colfax County Board of Equalization violated both §§ 77-112 and 77-1333. Schuyler Apartment Partners argues that its property was not valued pursuant to the income approach, which it claims is required by § 77-1333.
Section 77-1333 provided:
(1) The county assessor shall perform an income-approach calculation for all rent-restricted housing projects constructed to allow an allocation of low-income housing tax credits under section 42 of the Internal Revenue Code and approved by the Nebraska Investment Finance Authority when considering the assessed valuation to place on the property for each assessment year. The income-approach calculation shall be consistent with any rules and regulations adopted and promulgated by the Property Tax Administrator and shall comply with professionally accepted mass appraisal techniques. Any low-income housing tax credits authorized under section 42 of the Internal Revenue Code that were granted to owners of the project shall not be considered income for purposes of the calculation but may be considered in determining the capitalization rate to be used when capitalizing the income stream. The county assessor, in determining the actual value of any specific property, may consider other methods of determining value that are consistent with professionally accepted mass appraisal methods described in section 77-112.
(2) The owner of a rent-restricted housing project shall file a statement with the county assessor on or before October 1 of each year that details income and expense data for the prior year, a description of any land-use restrictions, *591 and such other information as the county assessor may require.
Section 77-112 provides:
Actual value of real property for purposes of taxation means the market value of real property in the ordinary course of trade. Actual value may be determined using professionally accepted mass appraisal methods, including, but not limited to, the (1) sales comparison approach using the guidelines in section 77-1371, (2) income approach, and (3) cost approach. Actual value is the most probable price expressed in terms of money that a property will bring if exposed for sale in the open market, or in an arm's length transaction, between a willing buyer and willing seller, both of whom are knowledgeable concerning all the uses to which the real property is adapted and for which the real property is capable of being used. In analyzing the uses and restrictions applicable to real property, the analysis shall include a consideration of the full description of the physical characteristics of the real property and an identification of the property rights being valued.
We first note that contrary to Schuyler Apartment Partners' position, § 77-1333 does not require that property actually be valued by the income approach. Absent a statutory indication to the contrary, words in a statute will be given their ordinary meaning.[6] And § 77-1333 indicates that the income approach shall be performed, but also specifically provides that the "county assessor, in determining the actual value of any specific property, may consider other methods of determining value," including the cost approach and the sales approach.
And that is exactly what happened in this case. Though the Colfax County assessor ultimately valued the property under the cost-approach method of valuation, the record demonstrates that it first conducted both a cost-approach valuation and an income-approach valuation, as detailed by § 77-112. As such, neither statute was violated and Schuyler Apartment Partners' first and second assignments of error are without merit.

(b) Town Sq. Case
Schuyler Apartment Partners also assigns that TERC erred in relying on Town Sq. v. Clay Cty. Bd. of Equal.[7] In that case, the South Dakota Supreme Court held that tax credits under LIHTC should be considered in valuing property for tax purposes. TERC cited to Town Sq. for the proposition that "LIHTC credits are transferable and a part of the economic reality of parcels subject to the agreements which make their use possible," and it further noted that the "rationale described by the Town Square Court for inclusion of value of LIHTC credits in the valuation of real property is persuasive and consistent with Nebraska law." Schuyler Apartment Partners complains on appeal that Town Sq. is inconsistent with § 77-1333. This argument is also without merit.
Section 77-1333(1) provides in relevant part as follows:
Any low-income housing tax credits authorized under section 42 of the Internal Revenue Code that were granted to owners of the project shall not be considered income for purposes of the calculation but may be considered in determining the capitalization rate to be used when capitalizing the income stream.
*592 Schuyler Apartment Partners claims this means that the credits cannot be valued and that thus, TERC's adoption of such holding was in error.
Our reading of § 77-1333 does not comport with Schuyler Apartment Partners' conclusion. While § 77-1333 does indicate that the credits cannot be used as income in conducting an income-approach valuation, the language clearly allows for consideration of those credits in the form of the capitalization rate used to determine the present value of the property. The Town Sq. rationale that such credits are part of the economic reality of the property is applicable here as well. We find Schuyler Apartment Partners' third assignment of error is without merit.

(c) TERC's Affirmance of Board's Valuation
Finally, Schuyler Apartment Partners argues that TERC erred in affirming the value of the property as set by the Colfax County Board of Equalization. Schuyler Apartment Partners' fifth assignment of error, that TERC erred in adopting its own reasoning to justify the board's valuation, is a related assignment of error. As such, the two will be discussed together.
We review TERC for errors appearing on the record. In so doing, we focus our inquiry on whether TERC's decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Having engaged in this inquiry, we cannot find that the decision reached by TERC was in error.
William Kaiser, an appraiser with the Colfax County assessor's office, testified as to the methods he undertook to determine the valuation of the Schuyler property. His reports were introduced into evidence. Schuyler Apartment Partners presented the testimony of their own expert, Dwight Whitesides. However, Whitesides' testimony did not consider any benefits flowing from I.R.C. § 42 properties, but instead considered only the liabilities involved in such properties. Whitesides' valuation was not supported by any other valuation approach besides the income approach. Whitesides also failed to value the tax credits.
There was sufficient evidence in the form of Kaiser's testimony to support the valuation placed on the property by the Colfax County Board of Equalization and affirmed by TERC. And Schuyler Apartment Partners bears the burden of showing that the board's decision was incorrect.[8] We cannot conclude that TERC's decision was arbitrary, capricious, or unreasonable, particularly given the deficiencies in Whitesides' testimony. And because that decision was supported by the record, we reject Schuyler Apartment Partners' further argument that TERC substituted its reasoning for the reasoning of the board. Schuyler Apartment Partners' final assignments of error are without merit.

2. COLUMBUS APARTMENT PARTNERS
On appeal, Columbus Apartment Partners asserts that TERC erred in relying on the Town Sq. case and in affirming the decision of the Platte County Board of Equalization. Because whether the Town Sq. case was incorrectly applied was previously addressed and rejected, it will not be repeated here.
Columbus Apartment Partners' remaining argument on appeal is that TERC erred in affirming the board's valuation. The crux of this argument is that the *593 board erred in the method it used to capitalize the net operating income of the Columbus property to determine its value. The board used a 7.5-percent capitalization rate, while Columbus Apartment Partners argues that a 9-percent rate should be used. The applied capitalization rate matters, because in employing the income approach, the higher the capitalization rate, the lower the resulting property value. While Columbus Apartment Partners ultimately believes that its property was valued too highly, the focus of its argument is on the capitalization rate applied by the board.
As noted above, we review TERC for errors appearing on the record and focus our inquiry on whether TERC's decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. And as found above, we cannot find that the decision reached by TERC was in error.
There was evidence from the Platte County appraiser, Thomas Placzek, that the board utilized an "unloaded" capitalization rate, while the 9-percent rate Placzek had used (and also sought by Columbus Apartment Partners) was a "loaded" rate. An unloaded rate includes the real estate taxes in the net operating income, while a loaded rate does not and instead is higher in order to reflect the tax levy. Placzek and Whitesides both testified that the use of either method is acceptable and that roughly the same value is reached under either calculation.
Columbus Apartment Partners also argues that the lower rate was not appropriate because the Platte County Board of Equalization lowered the rate in order to value the tax credits and, according to Columbus Apartment Partners, such tax credits cannot be valued. The record indicates that in addition to using an unloaded as opposed to a loaded capitalization rate, the board, in setting the 7.5-percent rate, "offset the 2% tax rate with what [it] felt was a 2% tax credit factor."
As noted above, § 77-1333 provides in relevant part that "low-income housing tax credits ... shall not be considered income for purposes of the calculation but may be considered in determining the capitalization rate to be used when capitalizing the income stream." Appellate courts give statutory language its plain and ordinary meaning and will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[9]
Contrary to Columbus Apartment Partners' argument, the plain language of § 77-1333 clearly indicates that the board is permitted to value the tax credits in the manner that it didby lowering the capitalization rate, resulting in a higher value to the property in question.
Placzek testified as to the appropriateness of the use of unloaded versus loaded capitalization rate, as well as to his appraisal of the property and the Platte County Board of Equalization's general reasoning in the valuation of the property. In response, Columbus Apartment Partners introduced the testimony of Whitesides and the managing member. But the managing member is not a licensed appraiser. And while Whitesides is a licensed appraiser, he did not appraise the Columbus property. In addition, much of Whitesides' testimony was not directly contradictory to Placzek's testimony. TERC's decision was supported by competent evidence and was not arbitrary, capricious, or unreasonable. We therefore conclude that Columbus Apartment *594 Partners' second and final assignment of error is without merit.

VI. CONCLUSION
The decisions of TERC are affirmed.
AFFIRMED.
NOTES
[1] Town Sq. v. Clay Cty. Bd. of Equal., 704 N.W.2d 896 (S.D.2005).
[2] Id.
[3] Fort Calhoun Bapt. Ch. v. Washington Cty. Bd. of Eq., 277 Neb. 25, 759 N.W.2d 475 (2009).
[4] Id.
[5] Id.
[6] In re Estate of Chrisp, 276 Neb. 966, 759 N.W.2d 87 (2009).
[7] Town Sq. v. Clay Cty. Bd. of Equal., supra note 1.
[8] Neb.Rev.Stat. § 77-5016(8) (Cum.Supp. 2006).
[9] State ex rel. Amanda M. v. Justin T., 279 Neb. 273, 777 N.W.2d 565 (2010).